W. F. RATLIFF, *Appellee,* v. THE UNION PACIFIC RAIL-ROAD COMPANY, *Appellant.*

No. 17,575.

SYLLABUS BY THE COURT.

1. RAILROADS — *Killing of Stock — Negligence — Inconsistent Findings.* In an action against a railroad company for the death of cattle, the claim of liability being based upon a defective cattle guard, a finding that a proper cattle guard would not have prevented the cattle from getting on the track is inconsistent with a verdict for the plaintiff.

2. NEW TRIAL — *No Motion — Inconsistent Findings — Equity.* Under the provision of the present code that the supreme court on appeal may direct such judgment as justice requires, without regard to irregularities in the proceedings of the trial court, a new trial may be ordered upon the reversal of a judgment because of inconsistency between the verdict and the special findings, although no motion for one was filed, where it is evident that if the trial court had taken this court's view of the meaning of the findings a new trial would have been asked and granted.

Ratliff v. Railroad Co.

Appeal from Riley district court. Opinion filed April 6, 1912. Reversed.

*R. W. Blair, B. W. Scandrett,* and *C. A. Magaw,* for the appellant.

*John E. Hessin,* and *John Clarke Hessin,* for the appellee.

The opinion of the court was delivered by

MASON, J.: W. F. Ratliff recovered a judgment against the Union Pacific Railroad Company on account of cattle killed by one of its engines, and the defendant appeals. The claim of liability was based upon the defective construction of a cattle guard, over which the animals were found to have gone upon the track from the highway. The jury found specifically that the cattle guard was not a proper one; that it was insufficient in every respect in which it differed from the cattle guards used by another company. But they also returned a negative answer to the question, "Is there any cattle guard shown by the evidence that would have prevented plaintiff's cattle going upon defendant's right of way?" No motion for a new trial was filed by either party. The defendant asked the court to render judgment in its favor upon the special findings.

In order for the plaintiff to recover it was necessary for him to establish not only that the cattle guard was insufficient, but that the cattle were killed because of its insufficiency. If a properly constructed cattle guard would not have kept the cattle from getting upon the right of way, then there was no connection between the defective guard and the death of the cattle. The answer to the question quoted says explicitly that such was the case. Therefore there is an evident conflict between the general verdict and the special findings.

Manifestly the trial court believed that what the jury meant was not that these particular cattle would have got upon the track in spite of any cattle guard that

could have been built, but that no cattle guard shown by the evidence would have made it impossible for the cattle to get upon the right of way, that is, would have absolutely prevented any cattle from crossing it, under any circumstances. The probability that the jury actually meant this is increased by the fact that there was evidence that while the guards in use elsewhere would turn cattle more effectively than those of the defendant, they were not an absolute protection. Moreover, the jury found that the plaintiff's cattle were not more than ordinarily breachy.

The special findings must be given a construction consistent with the general verdict if that is reasonably possible. (*Ahlstrom v. Kansas Milling Co.*, 85 Kan. 548, 118 Pac. 57.) Here, however, the language of the finding in question seems too explicit to admit of the construction which the court obviously gave it. Nevertheless we do not think a judgment should have been rendered for the defendant. The trial court was clearly of the opinion that the jury did not intend the literal import of their words—that they were under a misapprehension as to the meaning of the question. In that situation a judgment for the defendant upon the finding would not work substantial justice. Except for the belief of the trial court, which this court is unable to share, that the finding could be so construed as to be consistent with the general verdict, a motion for a new trial would undoubtedly have been filed and sustained. The powers of the supreme court in disposing of cases on appeal have been broadened since *Railway Co. v. Osburn*, 79 Kan. 348, 100 Pac. 473, was decided. The present code provides that "in any case pending before it the [supreme] court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court." (Civ. Code, § 581.) Although this provision has es-

pecial reference to the ordering of such a final judgment as shall end the litigation, we do not think it was intended to have no other application. Its purpose seems to be to enlarge the authority of the appellate court, so that in reversing a judgment it may direct such course to be taken by the trial court as shall do justice between the parties. This case appears to be one where that power should be exercised by ordering a new trial. The following cases, while not directly in point, have some tendency to support this practice: *Buchanan v. Milligan,* 108 Ind. 433, 9 N. E. 385; *Gordon v. Railroad,* 153 Mo. App. 555, 134 S. W. 26; *Allen v. Clopton Realty Co.,* (Tex. Civ. App. 1911) 135 S. W. 242.

The judgment is therefore reversed and a new trial ordered.