Springer v. Railroad Co.

No. 19,443.

MYRTLE B. SPRINGER, as Executrix, etc., *Appellee*, V.
THE CHICAGO GREAT WESTERN RAILROAD COMPANY,
*Appellant*.

#### SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Railroad Crossing—Negligence as Found by the Jury.* Where the jury in a personal-injury case are asked to state in what respect the defendant was negligent, and in answer refer only to a single matter, this does not preclude another form of negligence, the existence of which they had already specifically found, being relied upon to support a verdict for the plaintiff.

2. SAME—*Negligence of Brakeman - After He Saw Decedent's Danger.* Where an automobile collides with the rear end of a freight train, and is pushed for a considerable distance along the track and then overturned, an occupant being run over and killed, the railroad company is liable for the death, notwithstanding any negligence of the decedent prior to the collision, if its employees could by exercising reasonable care, after becoming aware of the danger, have stopped the train before the overturning of the automobile.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed May 8, 1915. Affirmed.

*John Barton Payne*, of Chicago, Ill., and *William W. Hooper*, of Leavenworth, for the appellant.

*Floyd E. Harper*, and *L. H. Wulfekuhler*, both of Leavenworth, for the appellee.

The opinion of the court was delivered by

MASON, J.: Edward S. Springer lost his life as the result of a collision between an automobile in which he was riding and a Chicago Great Western Railroad freight train.  His widow recovered a judgment against the company, and it appeals.

The jury found that as the automobile approached the railroad track none of its occupants took any pre-

caution to ascertain whether a train was approaching. The defendant maintains that the accident would not have occurred except for the negligence of the decedent. We shall assume that this is true, and that the judgment can only be sustained on the theory that the circumstances were such as to render the defendant liable notwithstanding that fact. The jury were asked of what negligence they found the defendant guilty, and in reply named only its failure to comply with a city ordinance requiring it to keep a flagman at the crossing where the accident occurred. This would ordinarily be interpreted as a finding in favor of the defendant as to the other forms of negligence alleged. But a negative answer had already been returned to the question: "Did not the brakeman on the hind end of the car apply the air brakes as soon as he discovered that there was danger of the automobile and train colliding?" The principal negligence charged in the petition and referred to in the instructions was the delay in stopping the train after the brakeman became aware of the peril to which the occupants of the automobile were exposed. In view of this fact the answer to the question just quoted must be regarded as a finding that the company was negligent in not stopping the train sooner, and the subsequent statement that the negligence of the defendant consisted in not providing a flagman must be interpreted as designating the additional respect in which it was negligent. This construction is in accordance with the practice of giving to the findngs of a jury the meaning intended, however unskillfully expressed. (*Ahlstrom v. Kansas Milling Co.,* 85 Kan. 548, 118 Pac. 57; *Martin v. Railway Co.,* 93 Kan. 681, 145 Pac. 849.)

The question for determination is whether, consistently with the evidence and findings, the judgment can be upheld on the theory that the death of the plaintiff's husband was caused by the failure of the defendant's employees to make reasonable efforts to save his life,

after discovering his danger, and after such conditions had arisen that he could not help himself. The collision took place a little after nine o'clock at night, at the intersection of two streets of Leavenworth. The train was backing west on Choctaw street, on an up grade, at three to five miles an hour. The engineer had shut off steam. The automobile was going north on the east side of Fourth street, down grade, at thirty-five miles an hour. These rates were found by the jury. There was evidence tending to show these additional facts, which may, therefore, be deemed to have been established by the general verdict, notwithstanding any testimony to the contrary: The automobile and the rear car of the train came together about twelve feet west of the east line of Fourth street. The automobile was caught by the drawbar, and pushed along the track by the train as it continued to back up, to a point beyond the west line of the street, which was sixty feet wide. The railroad track was planked for the full width of the street. So long as the automobile was upon the planks the tires slipped over them and it retained its upright position; but after passing the west side of the street, where the planking ended, its wheels dropped between the ties and it was overturned. The plaintiff's husband was killed by being run over by the caboose, the wheels crushing his head, his body being otherwise without apparent injury. The west end of the train was forty-five feet beyond Fourth street when it stopped. A brakeman on the rear of the caboose saw the automobile when he was even with the east line of the street. He had just taken a drink of whisky with an acquaintance. He could have stopped the train within ten or fifteen feet, but it ran about a hundred. He testified that upon seeing the automobile he immediately applied the air brake, but, as already stated, the jury found to the contrary, and the evidence justified the finding.

Accepting these as the established facts of the case, the defendant was liable irrespective of any want of care on the part of the decedent prior to the time that the collision became inevitable. After that he was not chargeable with negligence. There was nothing he could do to prevent or minimize his injury. But if the brakeman had promptly applied the brakes the train would have been stopped before the automobile turned over, and no fatality would have resulted. The judgment against the defendant was warranted on the ground that the death was caused by its negligence occurring after that of the occupants of the automobile had ceased. (*Railway Co. v. Arnold,* 67 Kan. 260, 72 Pac. 857; *Dyerson v. Railroad Co.,* 74 Kan. 528, 87 Pac. 680.)

The judgment is affirmed.