No. 19,642.

S. D. McMAHON, *Appellant,* v. THE JOPLIN & PITTSBURG RAILWAY COMPANY et al., *Appellees.*

#### SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Crossing Railroad Track — Contributory Negligence.* Where a traveler in attempting to drive across a railroad track becomes involved in such a situation that he can neither get over it nor turn back, the railroad company is liable, notwithstanding any prior negligence on his part, for the consequences of a collision which its employees could have averted by any reasonable effort after the time when they ought to have discovered his predicament.

2. SAME—*Judgment on Special Findings—Disapproved.* Where a judgment for the defendant on the special findings (the general verdict being for the plaintiff) is required by the law as declared in the instructions, but not by the law as it is determined to be by this court, such judgment will not necessarily be approved on appeal, notwithstanding the plaintiff, not having filed a motion for a new trial, can not assign error with respect to the instructions.

3. SAME—*When New Trial Should be Allowed.* A new trial should be allowed to a defendant against whom a verdict has been rendered, when the special findings would require a judgment in his favor, except for the possible existence of facts, of which there is evidence, which are not thereby negatived, and which are not covered by the general verdict because no issue regarding them was submitted to the jury.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed July 10, 1915. Reversed.

*Fred B. Wheeler,* of Pittsburg, *Charles Stephens, C. A. McNeill,* and *E. V. McNeill,* all of Columbus, for the appellant.

*Edward C. Wright, Edwin W. Patterson,* both of Kansas City, Mo., *John P. Curran,* of Pittsburg, *A. H. Skidmore,* and *S. L. Walker,* both of Columbus, for the appellees.

The opinion of the court was delivered by

MASON, J.: S. D. McMahon sued the Joplin & Pittsburg Railway Company for injuries received in a collision between a covered spring-wagon in which he was attempting to drive

over its track, and a freight car pushed by a motor-car. A general verdict was returned in his favor, but the court rendered judgment against him upon the special findings. He appeals.

The plaintiff complains of a number of trial rulings, including the giving and refusing of instructions and the admission and exclusion of evidence. These can not be reviewed, because he filed no motion for a new trial. The present code has broadened the powers of this court on appeal (*Ratliff v. Railroad Co.*, 86 Kan. 938, 122 Pac. 1023), but a motion of that kind is still necessary to a presentation of such questions (*McClain v. Railway Co.*, 89 Kan. 24, 28, 130 Pac. 646). Some of the arguments made in this connection, however, are pertinent to the discussion of the effect of the special findings.

The jury found that the plaintiff drove upon the track without seeing the approaching cars, although they were in plain sight, the view along the track being unobstructed for a distance of half a mile; and also that the shying and squatting of his horse prevented his looking for them. Under the admitted facts and the other findings we do not regard that as an adequate excuse. A case is cited as contrary to this conclusion, but it arose out of a different situation, the horse being driven, not across a track, but parallel with it. (*Railway Co. v. Fawcett*, 76 Kan. 522, 92 Pac. 543.) The plaintiff offers another reason for his omission—that he had seen a car pass the crossing in the other direction a few moments before. A Wisconsin case is cited as supporting the view that he was not required to anticipate the approach of a car from the direction in which the first one had gone. (*Duame, Adm'x, etc. v. The Chicago & Northwestern R. Co.*, 72 Wis. 523, 40 N. W. 394.) There a railroad freight train crossed the highway on which a traveler was approaching, and after running a short distance backed up and struck his vehicle as he was crossing the track. It was held that he was not negligent as a matter of law, since he had a right to presume the train would continue its course, and not return. The principle does not apply here. The injury was not done by the car which the plaintiff saw, but by two cars which at that time were waiting at a switch, of the existence of which the plaintiff appears to have been aware. The plaintiff also argues that the conduct of the defendant amounted

to wantonness, and thereby rendered his own negligence im-, material. We agree with the conclusion of the trial court that a finding that the employees of the defendant had no actual knowledge of the plaintiff's **peril relieved** them from any charge of wanton misconduct.

But we think the application of the "last clear chance" rule forbids a judgment for the defendant upon the findings. The plaintiff testified that when he drove upon the track his horse whirled to the left (the direction opposite to that from which the cars were coming), and swung "right down between the rails," throwing the wheels under the bed of the wagon; that at this time the cars were 150 feet away; (their speed was fixed by the jury at eight miles an hour) ; that he knew he had time to get over if he could get the horse straight; that he tried to turn him to the right and then tried to pull him back to the left, and could do neither. The jury found that the cars traveled about 150 feet while the plaintiff was urging the horse to cross, or [trying] to back him off the track, and that the cars could have been stopped, by the application of the emergency air-brakes, within about 150 feet. These findings, in view of the evidence, may be interpreted as indicating that while the cars were still at a distance within which they could have been stopped before crossing the highway the plaintiff was in a position of danger from which he had no power to extricate himself; that from that moment no diligence on his part would have averted the collision, but that proper action on the part of the company's employees would have done so. In that case the catastrophe was not due to the concurring negligence of the plaintiff and defendant, but to the continuing negligence of the defendant, operating after that of the plaintiff had ceased, rendering the defendant liable, notwithstanding the plaintiff's predicament may have been originally due to his own want of prudence. (*Dyerson v. Railroad Co.,* 74 Kan. 528, 87 Pac. 680.) And in that situation the result is the same whether the defendant's employees actually saw the plaintiff in a place of danger (from which he was unable to extricate himself) or ought to have seen him—would have seen him if they had exercised due diligence. (*Railway Co. v. Arnold,* 67 Kan. 260, 72 Pac. 857; *Railway Co. v. Clinkenbeard,* 77 Kan. 481, 486, 94 Pac. 1001.)

. 18—96 KAN.

The only difficulty in applying the rule referred to arises from the fact that the jury, having fixed the distance of the cars, at the time the plaintiff's condition became such that he could not save himself, at 150 feet, also found that to be the distance required for stopping them by means of the emergency brakes. So that, assuming that the company's employees would have discovered the plaintiff's danger as soon as it arose, if they had exercised reasonable diligence in keeping an outlook, they would have had just sufficient time, by applying the brakes instantaneously, to have prevented the collision, but they would have had no margin for hesitation or delay. Perhaps it can not be said as a matter of law that they were entitled to any. But however that may be, it is clear that if the collision could not have been entirely prevented, by reasonable effort put forth within the 150 feet limit, its force could have been greatly reduced. There was evidence that the wagon was carried for some distance (the petition says fifty feet) and dropped from a bridge over a ravine about twelve or fifteen feet deep. What part of the injury could have been prevented by reasonable diligence on the part of the trainmen after the plaintiff had become helpless was a fair question for the jury.

This phase of the "last clear chance" doctrine was not presented in the charge to the jury, nor was it distinctly and accurately stated in the instructions asked by the plaintiff, although it was there suggested in a general way. It was involved in the pleadings and evidence, however, and the plaintiff indicated, by special questions which he desired to have submitted to the jury, and which were refused or modified by the court, that he regarded the important question as being whether the company's employees ought to have seen him, rather than whether they actually saw him, in time to prevent the accident. It might be urged that the plaintiff, by failing to file a motion for a new trial, has waived his objections to the instructions, and they have become the law of the case; and that under the law as so established the findings require a judgment for the defendant. But this would be too harsh an application of the case-law rule. The special findings do not of themselves entitle the plaintiff to recover, because they include no statement that the trainmen ought to have seen his danger in time to have saved him. This can not well be sup-

plied by the general verdict, because that question was not among those the jury were directed to consider. The findings would require a judgment for the defendant except that they do not exclude certain conditions that would allow a recovery, but which were not passed upon. These vital issues were not specifically submitted to the jury—whether the plaintiff (assuming that he was negligent in driving upon the track without looking) became involved before the collision in a situation from which he could not extricate himself; whether the trainmen would have known this if they had exercised due care; and whether, after the time that they ought to have known it, they omitted any reasonable effort that would have prevented the collision or lessened the resulting injury. The defendant is not entitled to a judgment on the findings, but the motion for a new trial which it has filed should be allowed for the reason that the only theory upon which it can rightfully be held liable under the facts stated in the findings was not presented to or acted upon by the jury, and consequently it has not had a full opportunity to meet it.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.