No. 22,283.

J. T. ATHERTON, *Appellee*, v. THE TOPEKA RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

NEGLIGENCE—*Collision between Truck and Street Car—Concurrent Negligence—"Last Clear Chance."* The trial court correctly charged that after plaintiff's truck was negligently driven between the street car tracks and the plaintiff was in a position of peril and his own negligence had ceased, the defendant would be liable if it saw or by the exercise of ordinary care could have seen him in such position in time to avoid injuring him, and failed to do so.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed June 5, 1920. Affirmed.

*Leonard S. Ferry, Thomas F. Doran, M. F. Cosgrove,* and *Clayton E. Kline,* all of Topeka, for the appellant.

*W. E. Atchison,* and *J. J. Schenck,* both of Topeka, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a judgment recovered by the plaintiff for injuries sustained while in a transfer truck which had been driven across the defendant's tracks between two cars going in opposite directions, one of which collided with his truck and shoved it against an iron trolley pole, and the other of which collided with his truck, severely injuring him.

It seems quite likely that the cars were both running in violation of the speed ordinance of the city, and the plaintiff was crossing in a manner prohibited by another ordinance providing how a vehicle should cross a street.

Atherton v. Railway Co.

The court instructed that under the facts the plaintiff was guilty of negligence by going upon the tracks in the way he did, and that such negligence would prevent his recovery unless he was allowed to recover under the doctrine of last clear chance; that if his own negligence continued up to and actually contributed to the injury he could not recover.

"But, although plaintiff was guilty of negligence in placing himself in a position of danger, . . . yet if his negligence had ceased and the defendant, . . . by the exercise of ordinary care, ought to have seen the danger to plaintiff in time to avert the same, and failed to do so, or . . . actually saw plaintiff's danger in time to avert the same by the exercise of ordinary and reasonable care under the circumstances, . . . and failed to do so . . . then the defendant is responsible for any injury directly resulting to plaintiff from such failure to exercise ordinary care in either case."

Among the answers to special questions returned by the jury were the following:

"Q. 6. Did the plaintiff have time to leave the van after it was struck by the east bound car, while it was being shoved down the street to the trolley pole, and avoid injury, before it was struck by the west bound car? A. 6. So confused had no time.

"Q. 7. What, if anything, did the plaintiff do to escape injury, after the van or truck was struck by the east bound car, while it was being shoved down the track to the trolley pole, and before it was struck by the west bound car. A. 7. Nothing could be done.

"Q. 8. Could not the plaintiff, by looking and listening and taking proper precautions for his own safety, have stopped his truck or have caused his truck to be stopped before it went upon the defendant's tracks, while it was in a position of safety, and thus have avoided being struck by either the east bound or west bound car? A. 8. Yes, by remaining in the position he was in before starting.

"Q. 9. If you answer the last question in the negative, state what there was to prevent the plaintiff from stopping or causing his truck to be stopped while it was in a position of safety thus avoiding injury. A. 9. Nothing, because he thought he had ample time to cross ahead of the west bound car."

Counsel for the defendant contend that under the facts and findings the plaintiff should have been held guilty of continuing negligence; that the defendant is not responsible for his being "confused"; and that he tried to leave the truck at the wrong place. All these matters are regarded as questions of fact properly answerable by the jury.

Counsel for the defendant frankly concede that the doctrine

of last clear chance as frequently declared in this state applies when the defendant actually finds the plaintiff in a condition of peril, or by the exercise of proper care should so find him, his own negligence at that time having ceased. But it is argued with much force, buttressed with numerous authorities, that no duty arises in such cases until the actual discovery of the perilous condition. However, the rule is so firmly fixed in this state and so thoroughly supported by the great weight of authority that it cannot now be changed. In *Railway Co. v. Arnold,* 67 Kan. 260, 72 Pac. 857, the deceased was riding a bicycle, and on going down an incline on smooth asphalt pavement to a street on which a car was running and with which he was about to collide, he turned eastward parallel with the car, and after reaching some rough pavement was thrown from his bicycle in front of the moving car, carried some distance and killed. It was claimed that contributory negligence barred recovery. It was also argued that although the negligence of the deceased contributed to the collision, yet if the motorman saw him in a position of danger, or by the exercise of reasonable diligence should have seen him, in time to stop the car before killing him, the defendant was liable. This theory was adopted and followed after full consideration. This decision was adhered to after a most thorough-going examination in *Dyerson v. Railroad Co.,* 74 Kan. 528, 87 Pac. 680, and these two decisions were approved and followed in *Springer v. Railroad Co.,* 95 Kan. 408, 148 Pac. 611. The same rule was announced in the Dyerson case and followed in *Railway Co. v. Clinkenbeard,* 77 Kan. 481, 94 Pac. 1001, and all three were approved and followed in *McMahon v. Railway Co.,* 96 Kan. 271, 150 Pac. 566. In these decisions the doctrine was so carefully gone into and so clearly stated that mere reference thereto is sufficient.

The rule so established was correctly given by the trial court, and the record presenting no error, the judgment is affirmed.