No. 24,706.

A. S. BENNETT, doing business as THE BENNETT GRAIN COMPANY, *Appellee,* v. JAMES C. DAVIS, Director-general of Railroads, etc., *Appellant.*

SYLLABUS BY THE COURT.

1. PLEADING AND PRACTICE—*Stipulation Did Not Include Objection to Evidence.* On the second trial of an action, a stipulation to submit the cause on the evidence introduced on the first trial does not renew an objection then made to the introduction of any evidence.

2. SAME—*Error in Admission of Evidence—Must Be Presented on Motion for New Trial.* All errors in the admission of evidence on a trial in the district court must be presented to that court by a motion for a new trial before they can be considered in the supreme court.

3. SAME—*Judgment in Absence of Counsel—No Notice of Judgment to Losing Party in Time to File Motion for New Trial.* Failure of a prevailing party, or of the court or its officers, to notify the losing party in litigation of the rendition of judgment and the consequent failure of the losing party to learn of the rendition of the judgment until one month after it is rendered do not excuse the latter party from filing his motion for a new trial within the time allowed by law.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed December 8, 1923. Affirmed.

*W. P. Waggener, O. P. May,* both of Atchison, and *W. A. S. Bird,* of Topeka, for the appellant.

*Eugene S. Quinton,* of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment from the defendant for damages for his failure to stop a carload of grain that had been shipped by the plaintiff from Topeka to Little Rock, Arkansas. The defendant appeals.

The case was tried twice. By stipulation, it was tried the second time on the evidence introduced at the first trial. Findings of fact and conclusions of law were made by the court as follows:

"1. That on or about March 9th, 1918, the plaintiff, A. S. Bennett, doing business as the Bennett Grain Company, shipped two carloads of bulk corn from Topeka, Kansas, to Little Rock, Arkansas, via the Union Pacific to Kansas City, Missouri, and thence forwarded to Little Rock via the Missouri Pacific, said shipment originating at Randolph, Kansas, but being cleaned in transit at Topeka, Kansas, from which latter point they were sent forward on said date pursuant to a certain bill of lading a copy of which is attached to plaintiff's petition and designated as Exhibit 'A.'

"2. Said carloads of corn arrived in Kansas City on March 14th, 1918, and on that date plaintiff wired the general agent of the Missouri Pacific, Kansas City, Missouri, to 'Quickly catch and hold twenty eighty seven thirty-two, Great Northern, and sixty-eight one eleven, Lehigh Valley. Corn off Union Pacific for Little Rock. Drafts protested. Letter follows. Bennett Grain Company,' a copy of which telegram is attached to the plaintiff's petition and designated as Exhibit 'B.'

"3. On the same date plaintiff confirmed said wire by letter, a copy of same appearing as Exhibit 'C' attached to plaintiff's petition.

"4. The defendant received plaintiff's telegram mentioned in Finding No. 2, upon the date sent, but failed to stop and hold the car described as 'Twenty eighty seven thirty-two, Great Northern,' and on March 17th, 9:30 p.m., the car moved out of Kansas City to destination. The car numbered 'Sixty-eight one eleven, Lehigh Valley,' was stopped at Coffeyville, Kansas, pursuant to plaintiff's telegram of March 14th.

"5. Defendant negligently misread plaintiff's telegram of March 14th, and failed to stop said car numbered 'Twenty eighty-seven thirty-two, Great Northern,' at Kansas City, or at any intermediate point before its destination, Little Rock, Arkansas.

"6. When the said car of corn arrived at Little Rock, Arkansas, it was in a heating and musty condition, and there was no immediate market for its disposal at Little Rock. It was finally sold through the Exchange National Bank, of Little Rock, Arkansas, for $1,223.45, which, after deducting certain expenses, interest, etc., netted the plaintiff $1,195.04.

"7. The market value of No. 3 white corn, such as the corn in question, in Kansas City, Missouri, between the dates of March 14th and March 17th, 1918, was $1.80. The market value of the carload in question was $2,138.15, and deducting the freight chargeable and paid, left a balance of $2,136.71, which could have been received for the corn in question had it been sold on the Kansas City market, a difference of $941.67—the amount of loss which plaintiff sustained because of the failure of the defendant to stop said carload of corn at Kansas City. A reasonable attorney's fee for the service rendered in this case is $300.00. Plaintiff made due demand upon defendant for the payment of his claim.

"8. The reason assigned by defendant, both at the time of the request that the shipment be stopped as well as upon the subsequent attempt of plaintiff to adjust the loss resulting therefrom, was an error in the reading of the telegram of March 14th, 1918, and a failure to receive the letter confirming it in time to stop the shipment at Kansas City. The evidence does not disclose at the time that plaintiff attempted to stop the car in question, any request by defendant of plaintiff for the original bill of lading.

"9. Upon the admissions of counsel in open court, the court finds that the tariff regulation and schedule attached to its answer as affecting shipments of grain was not in force and effect at the time of said shipments.

"CONCLUSIONS OF LAW.

"1. The defendant was negligent in failing to stop the carload of corn involved herein, and the plaintiff suffered damages in the manner and amount as stated in the findings of fact.

"2. The shipment involved, being from Topeka, Kansas, to Little Rock, Arkansas, was an interstate shipment, and, therefore, a loss resulting therefrom would be recoverable only under the Federal Statute.

"3. The plaintiff is entitled to judgment against the substituted defendant, James C. Davis, in the sum of $941.67."

1. The first complaint of the defendant is that "the court erred in overruling the defendant's objection to the introduction of evidence." In response to this, the plaintiff argues that on the second trial there was no objection to the introduction of evidence.

The plaintiff's abstract shows the following:

"Mr. Quinton: It is stipulated by and between the parties that the case may be submitted to the court on behalf of the plaintiff upon the evidence introduced at the former trial December 6th, and the plaintiff rests. That is all right, isn't it, Mr. Brown?

"Mr. Brown: Yes, that is all right. . . . .

"Mr. Brown: The defendant will rest.

"The Court: Without any evidence?

"Mr. Brown: Yes."

The record of the stipulation made in open court does not disclose any objection to the introduction of evidence on the second trial. The action was not tried on the record made in the first trial, but was tried on the evidence introduced on that trial. A stipulation to try on that evidence cannot be said to include an objection to the introduction of any evidence. This is a matter that should have been presented to the trial court on a motion for a new trial. No such motion was made as will be hereinafter shown.

2. The defendant contends that the court "erred in the admission of evidence." The court admitted in evidence a letter written by the plaintiff to T. S. Walton, claim agent of the defendant, to which letter was attached documents showing the plaintiff's claim and the amount thereof. Based on this contention, the defendant argues that the amount of plaintiff's damage was not proved. If damages were proved, it was done by the letter and documents attached. They tended to show that the carload of corn in question was shipped by the plaintiff to Little Rock, Arkansas, under an order bill of lading; that the parties in Little Rock to whom the shipment was made refused to accept it; that the draft attached to the bill of lading was protested; that the corn was sold in Little Rock for much less than would have been received for it in Kansas City; that the plaintiff received the proceeds of the sale; and that the amount of the plaintiff's loss was $941.67.

Another contention of the defendant based on the introduction in evidence of the letter and documents is that "the court erred in overruling defendant's motion to set aside findings of fact, his motion to set aside the conclusions of law, and his motion requesting the court to make additional findings of fact." To support his contention, the defendant argues that—

"There was no competent evidence showing that there was no immediate market for this car of corn at Little Rock, nor as to what it sold for at Little Rock, nor at any expense, interest, etc., to be deducted therefrom, to support the Court's finding No. 6, and there was no competent evidence to show that the market value of the carload was $2,138.15, nor of the amount of freight deductable therefrom, nor that the amount of damages was the sum of $941.67, as stated in the Court's finding No. 7, and the Court's conclusions of law, Nos. 1 and 3, are erroneous for the same reasons."

Error in the admission of evidence should have been presented to the trial court on the hearing of the motion for a new trial. In the absence of a motion for a new trial, the competency of evidence cannot be considered by this court.

In *Decker v. House,* 30 Kan. 614, 1 Pac. 584, this court said:

"The supreme court will not reverse a judgment of the district court on the ground that it is not sustained by sufficient evidence, unless a motion for a new trial has properly been made and filed in the district court upon the ground that the verdict or the decision, as the case may be, is not sustained by sufficient evidence, and unless such motion has been overruled." (Syl. ¶ 2.)

In *McMahon v. Railway Co.,* 96 Kan. 271, 272, 150 Pac. 566, the following language was used:

"The plaintiff complains of a number of trial rulings, including the giving and refusing of instructions and the admission and exclusion of evidence. These cannot be reviewed, because he filed no motion for a new trial. The present code has broadened the powers of this court on appeal (*Ratliff v. Railroad Co.,* 86 Kan. 938, 122 Pac. 1023), but a motion of that kind is still necessary to a presentation of such questions (*McClain v. Railway Co.,* 89 Kan. 24, 28, 130 Pac. 646)."

3. It is contended that "the court erred in striking the defendant's motion for a new trial from the file." Judgment was rendered on July 1, 1922. The motion for a new trial was filed August 3, 1922. On the motion of the plaintiff it was stricken from the files. The defendant claims he was unavoidably prevented from filing that motion by circumstances as follows: That at the conclusion of the trial, the case was taken under advisement; that the judgment was thereafter rendered without notice to any of the attorneys for the defendant; and that they did not learn of such judgment until a

copy of the journal entry was received by them from the director-general. The statute requires that a motion for new trial shall be filed within three days after judgment is rendered. The defendant's motion came too late unless the excuse given was sufficient to compel the court to permit the motion to be filed out of time. In *Masters v. McHolland*, 12 Kan. 17, 25, this court, commenting on a similar proposition, said:

"Everyone having a matter in litigation before any tribunal, court, or county board, must in order to protect his rights be present at every session at which the controversy may be determined until there is a final disposition. He stays away at his peril; and if, during his absence, the matter is disposed of, he can blame no one but himself. This in many cases is a great hardship. Many a suitor in the courts has felt it to be so, yet no remedy therefor has as yet been devised."

To the same effect is *Mehnert v. Thieme*, 15 Kan. 368; *Green v. Bulkley*, 23 Kan. 130; *Turner v. Miller*, 28 Kan. 44, 50; *National Bank v. Westworth*, 28 Kan. 183, 193; *Higgins v. Curtis*, 39 Kan. 283, 285, 18 Pac. 207; *Weems v. McDavitt*, 49 Kan. 260, 269, 30 Pac. 481; *Buchanan v. Insurance Co.*, 94 Kan. 132, 146 Pac. 411.

The judgment is affirmed.