No. 26,095.

EDWARD TARTER, *Appellee,* v. MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, *Appellant.*

#### SYLLABUS BY THE COURT.

NEGLIGENCE—*Doctrine of Last Clear Chance—Use of Diligence—Question for Jury.* The last-clear-chance doctrine which makes the defendant liable for injury to the plaintiff where the defendant saw or should have seen the peril of the plaintiff and by the exercise of due diligence could have avoided injuring him, notwithstanding the fact that the plaintiff through his own negligence placed himself in a position of danger from which he could not extricate himself, is a rule of law; but whether or not the defendant by the use of reasonable diligence could have avoided the injury to the plaintiff is a question of fact to be determined by the jury.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed October 10, 1925. Affirmed.

*W. W. Brown, C. E. Pile,* both of Parsons, and *Don H. Elleman,* of Columbus, for the appellant.

*Frank E. Dresia* and *Charles Stephens,* both of Columbus, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff brought this action to recover damages to his automobile caused by being pushed against a post by a freight train operated by the defendant. Judgment was rendered for the plaintiff, and the defendant appeals.

---

1. Negligence, 29 Cyc. pp. 530, 531, 641.

The evidence tended to show that on August 3, 1923, about 11:30 p. m., the plaintiff in his automobile, which his wife was driving, approached the railroad tracks of the defendant from the west on one of the principal streets of Columbus, where there was heavy traffic at the time; that the plaintiff and his wife were somewhat blinded by the lights of approaching automobiles; that the railroad tracks ran north and south; that both the plaintiff and his wife saw some box cars, which they believed were standing still, to the left or on the north, on the main track; that they then looked south or to the right for any train which might be approaching from that direction; that upon again looking to the left they saw the train of box cars approaching so close a collision could not be avoided; that both the train and the automobile were moving slowly; that the occupants of the automobile jumped out; that the end box car struck the automobile and pushed it down the track from forty to sixty feet, where it was crushed against a signal post; that the automobile was not materially injured until it was pushed against the post; that neither the plaintiff nor his wife saw any flagman at the crossing nor any of the trainmen before the accident; that after the brakes were applied at the engine, the train could have been stopped in twenty-five to twenty-eight feet; and that the train stopped at the signal post, which was forty-five feet south of the center line of the street.

The defendant's evidence tended to show that the second brakeman stood in the middle of the street with a lighted lantern to warn and stop approaching automobiles; that he had stopped one or two on each side of the track before plaintiff's car approached; that the conductor of the train was on top the end car, the one which struck the automobile; that when the train started across the street he saw plaintiff's automobile and signaled a violent stop to the head brakeman, whom he had stationed about two cars from the engine and who at once relayed the signal to the engineer; that the engineer immediately shut off the steam and applied the brakes in emergency; and that from six to eight seconds would be required to transmit the signals and to apply the brakes.

The court instructed the jury, in part, as follows:

"You are instructed that plaintiff cannot recover for any damage to said automobile caused by the original impact or collision, as this was the result of plaintiff's negligence; but defendant is liable, if at all, only for such damage as was caused by its own negligence, if any, occurring after it knew or should have known of the position of danger in which said automobile was placed."

Tarter v. Missouri-K.-T. Rld. Co.

The jury returned a verdict for the plaintiff for $500 and answered the following special questions:

"1. Do you find that plaintiff and the driver of the automobile exercised ordinary care after said automobile reached a point at or near the track the train was on and was in a position of peril?  A. Yes.

"2. Do you find that the defendant and its employees were guilty of negligence, after the automobile was in a position of peril, in not sooner transmitting the signal and stopping the train before the automobile reached the post? A. Yes.

"3. At what rate of speed did the freight cars approach the point of collision?  A. About four miles per hour.

"4. At the time of the collision was Brakeman Libby flagging the crossing with a lighted lantern?  A. No.

"5. As the freight cars approached the crossing in question was Conductor Rhodes on the south end of the nearest approaching car with a lighted lantern?  A. No.

"6. After the defendant's employees discovered that a collision was inevitable, did they do everything possible to avoid the collision?  A. No.

"6a. If you answer in the negative, please state what employee was delinquent and what it was he could have done that he did not do?  A. Signals were not transmitted quick enough by Rhodes and Chaffee and train was not stopped as quick as should have been done by Engineer Lambert.

"7. If you find for the plaintiff, specify the ground or grounds of negligence upon which you base your verdict?  A. Signals were not transmitted and train was not stopped as quick as should have been done."

The plaintiff seeks to recover on the theory that although he was negligent in going upon the track, the defendant was negligent in failing to stop the train after it saw the plaintiff upon the track in a position from which he could not extricate himself—the last-clear-chance doctrine. The case turns on that doctrine. It is a rule of law which makes the defendant liable where the plaintiff through his own negligence has placed himself in a place of danger from which he cannot extricate himself and where the defendant saw or should have seen the situation of the plaintiff in time to avoid injuring him. (*Railway Co. v. Arnold*, 67 Kan. 260, 72 Pac. 857; *Dyerson v. Railroad Co.*, 74 Kan. 528, 87 Pac. 680; *Railway Co. v. Clinkenbeard*, 77 Kan. 481, 94 Pac. 1001; *Railroad Co. v. Liebhart*, 80 Kan. 91, 101 Pac. 457; *McMahon v. Railway Co.*, 96 Kan. 271, 272, 150 Pac. 566; *Atherton v. Railway Co.*, 107 Kan. 6, 190 Pac. 430; *Muir v. City Railways Co.*, 116 Kan. 551, 227 Pac. 536.) The last-clear-chance doctrine is a rule of law, but the facts to which it applies must be found by the jury. In the present case the jury found the facts to which the rule of the last clear chance applies,

and under proper instructions of the court applied that rule to the facts found and returned a verdict in favor of the plaintiff. The evidence to support the facts found has been summarized. The present case is very much like *Springer v. Railroad Co.*, 95 Kan. 408, 148 Pac. 611, where this court said:

"Where an automobile collides with the rear end of a freight train, and is pushed for a considerable distance along the track and then overturned, an occupant being run over and killed, the railroad company is liable for the death, notwithstanding any negligence of the decedent prior to the collision, if its employees could by exercising reasonable care, after becoming aware of the danger, have stopped the train before the overturning of the automobile."

At the trial this question was presented in various ways and is now discussed in the briefs under a number of assignments of error. One discussion of the question by this court answers all the argument of the defendant concerning it. All matters argued have been examined.

The judgment is affirmed.