No. 31,050

ALBERT BASS, *Appellee*, v. THE ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, *Appellant*.

(57 P. 2d 467)

Opinion filed May 9, 1936.

*W. F. Lilleston, H. V. Gott,* both of Wichita, *P. E. Nulton,* of Pittsburg, and *E. T. Miller,* of St. Louis, Mo., for the appellant.

*D. G. Smith,* of Girard, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal by a railway company from a judgment rendered against it for damages received by the plaintiff in a collision of his automobile with the defendant's train at the crossing of the railway track over Quincy street in the city of Pittsburg.

The street runs east and west, and the railroad crosses it running from the northeast to the southwest. The plaintiff was going east on the south side of Quincy street in a Ford automobile shortly after noon on September 3, 1931, and he alleged the train was coming toward the crossing from the northeast and that the view of the train coming from that direction was obstructed to one traveling east on Quincy street by a building and trees for a distance of about sixty

feet to the west of said crossing. Plaintiff alleged that he was traveling—

". . . at a rate of speed of about ten to fifteen miles per hour, when said automobile became stalled upon said railroad crossing on said Quincy avenue, and while plaintiff was so situated and before he could get out of said automobile and away from said automobile and the said railroad crossing to a place of safety, the said defendant's gasoline motor engine in charge of the agents and servants of the said defendant, the name of such agents and servant plaintiff does not know and cannot allege, and with two cars, a baggage and passenger car each, attached to said engine, suddenly and without any warning or signal of any kind, either by bell, whistle or otherwise, and without having said engine and cars under control so that they could be stopped by brakes or otherwise; without the agents and servants in charge of said engine and cars having a view of said crossing, and without maintaining or having any flagman at said crossing, suddenly and at a high and dangerous rate of speed operated and ran said engine and cars from behind said obstructions approaching from the northeast over and upon said crossing and against plaintiff. . . ."

The petition then described the nature of the collision and the character and extent of the personal injuries received, and prayed for damages in the sum of $3,000. The answer of the railway company consisted of a general denial and a plea of contributory negligence. The reply was a general denial.

Along the line of the allegations in the first part of those above quoted, with reference to plaintiff's automobile becoming stalled upon the railroad crossing, we are informed by the briefs that evidence was introduced as to the last clear chance, and that the trial court gave some instructions on that subject.

The jury rendered a verdict for plaintiff for $1,525, and answered the following special questions:

"1. Do you find that on the occasion in question the railroad track was straight for at least an eighth of a mile northeast from the point of accident? A. Yes.

"2. At what rate of speed was plaintiff driving the automobile in approaching the railroad track on the occasion in question? A. Ten to fifteen miles per hour.

"3. At what rate of speed was defendant's train approaching the point of accident on the occasion in question? A. Fifteen to twenty miles per hour.

"4. On approaching the railroad track on the occasion in question did plaintiff stop before going on track? A. No.

"5. If you answer the preceding question in the affirmative state how many feet from the point of accident plaintiff thus stopped? A. . . . .

"6. On the occasion in question do you find that plaintiff, when thirty or thirty-five feet from the point of collision, saw the defendant's train approaching? A. Yes.

"7. On the occasion in question do you find that plaintiff, when thirty or thirty-five feet from the point of collision, saw defendant's train approaching about one hundred feet from the point of collision? A. Yes.

"8. On the occasion in question, from the time plaintiff got within twenty-five feet of the point of collision until he drove on the railroad track, what, if anything, was there to prevent his ascertaining the approach of the defendant's motor engine and car, if before going on the track, he had stopped and carefully looked along that track in the direction from which the engine was then coming thereon? A. Nothing.

"9. On the occasion in question, from the time plaintiff got within twenty feet of the point of collision until he drove on the railroad track, what, if anything, was there to prevent his ascertaining the approach of the defendant's motor engine and car, if, before going on the track, he had stopped and carefully looked along that track in the direction from which the engine was then coming thereon? A. Nothing.

"10. If you find for the plaintiff please state upon what grounds you base your verdict? A. We feel that the train could have been stopped."

Defendant moved to return the jury for a full and responsive answer to question No. 10. This motion was denied as were also motions for judgment for defendant on the answers to the special questions notwithstanding the general verdict and for a new trial. From these rulings and the judgment rendered for plaintiff the defendant appeals.

The abstract does not contain any of the evidence, but only the pleadings, verdict and answers to special questions, journal entry and notice of appeal. Appellee has filed a counter abstract for the purpose of showing the evidence of the plaintiff on the question of the last clear chance.

The appellant insists that this doctrine was not alleged in the petition and proof along that line is along a line essentially different from that alleged in the petition, citing especially *Grentner v. Fehrenschield*, 64 Kan. 764, 68 Pac. 619, and *McDowell v. Geist*, 134 Kan. 789, 8 P. 2d 372, holding that the pleadings should be along the line of a single and definite theory. The petition unquestionably alleged plaintiff's right to damages for injuries received on account of defendant's negligence, setting out several features of negligence. Yet there is in the petition some of the allegations upon which there might be based the doctrine of last clear chance, but not enough, apparently, to make that feature a complete cause of action. The petition alleges the matter of plaintiff's automobile being stalled on the crossing and being so situated that he could not get out of the automobile or away from the automobile and the crossing, but it

does not allege what the defendant could have done subsequently, but failed to do, that would have avoided the injury.

The case of *Railway Co. v. Arnold,* 67 Kan. 260, 72 Pac. 857, cited in this connection, does not reach the question of confusion or failure of pleadings, but plainly eliminates contributory negligence from the application of this doctrine.

The case of *Juznik v. Railway Co.,* 109 Kan. 359, 199 Pac. 90, was very much like this case both in facts and pleading. The plaintiff in driving across a railway track on a public highway stalled on the crossing, his engine being killed, and before he could extricate himself a switching freight train backed upon him and his car, crushing his car and injuring him, and it was held:

"Where the plaintiff in his petition set forth the circumstances under which the collision occurred, and defendant alleged that plaintiff's injuries were the result of his contributory negligence, a charge which the plaintiff denied, and proof was offered tending to show that the train was backed upon plaintiff after those operating it saw his helpless plight on the crossing, the court was warranted in instructing the jury as to the doctrine of the last clear chance, although the plaintiff had not stated in words in his petition that he was invoking that doctrine, and although he had not admitted that he was negligent in driving upon the crossing." ( Syl. ¶ 2.)

The allegations of negligence in the Juznik case were in running the train upon the crossing and backing upon plaintiff without signal or warning and without keeping the engine and train under control, and without having any brakeman or switchman on the rear of the train. The evidence on the subject of last clear chance in the Juznik case was introduced without objection, and at the end of the trial the court permitted the plaintiff to amend his petition to conform to the proof. In the opinion the court held, in substance, that it was enough to show that the negligence, if any, of the plaintiff had culminated, and that the subsequent negligence of the defendant after discovering the peril of the plaintiff was the immediate, efficient and proximate cause of the injury. This liberal rule does not seem to have been changed or in any way limited by subsequent decisions. Appellant especially calls attention to the differences as to the making of no objections and being permitted to amend the petition, but notwithstanding these differences we are inclined to follow the broad and general principle, above quoted, that there was sufficient in the petition to inform and advise the defendant that plaintiff might be relying upon the doctrine of the last clear chance as well as the general doctrine of negligence as specifically alleged. In effect the

same allegations of negligence apply as alleged, but are limited to the situation after the discovery of the peril of the plaintiff.

The appeal of defendant is based mainly upon the failure of the trial court to render judgment for the defendant on the answers to the special questions notwithstanding the general verdict, and appellant refers especially to questions 4, 7 and 10. The answers to questions 4 and 7 are urged as showing conclusively contributory negligence on the part of the plaintiff. Appellee in reply argues that even if there may have been contributory negligence on the part of the plaintiff it had culminated and ceased and "that the subsequent negligence of the defendant, after discovering his peril, or after it should have been discovered by the exercise of reasonable care and diligence, was the immediate and proximate cause of the injury." This attitude makes it unnecessary to pursue the question of contributory negligence further because appellee is apparently relying entirely upon the matter of the last clear chance, which disregards negligence of both parties and especially contributory negligence prior to the time it entirely ceased. While the answers of the jury to these two questions might very probably prevent the plaintiff from a recovery under the usual form of action for the defendant's negligence, they would not be controlling in an issue of the last clear chance.

The answer to special question 10 is the vital one, as the jury there designated the ground of negligence upon which it based its verdict, the answer being "We feel that the train could have been stopped." It is suggested, and perhaps correctly, that the jury really meant the same as "find" by the use of the word "feel." If so, then the question and answer would read, "Q. (10) If you find for the plaintiff please state upon what ground you base your verdict? A. We find that the train could have been stopped."

It is a well- and long-established rule in this state that a specific finding of negligence acquits the defendant of every other charge of negligence alleged in the petition, and also that the finding in order to bind the defendant must be one of the charges of negligence alleged. On the first proposition, it was held in *Roberts v. Railway Co.*, 98 Kan. 705, 161 Pac. 590:

"Where a recovery is sought by reason of several negligent acts of the defendant, and the jury in answer to a special question finds that the negligence upon which they base their verdict is a certain single act of the defendant, the finding in effect acquits the defendant of every charge of negligence alleged in the petition or mentioned in the evidence except the one specifically designated in the finding." (Syl.)

On the second proposition it was held in *Keck v. Jones,* 97 Kan. 470, 155 Pac. 950:

"In an action for damages by the injured pedestrian the petition charged that the driver of the car was negligent in enumerated particulars. The jury were asked to state in what his negligence consisted if they found he was negligent. The answer was that he was negligent in a particular not complained of in the petition. *Held,* the driver was entitled to judgment on the special finding." (Syl. ¶ 2.)

We are, on the strength of these and numerous other decisions, limited by this answer to question 10 to one act of negligence, and that is the failure to stop the train which the jury found could have been stopped, but we do not find any allegation of that kind in the petition, and it must be one of the allegations of negligence before it can be an answer binding upon the defendant. The only allegation of negligence with reference to stopping the train was as follows: "without having said engine and cars under control so that they could be stopped by brakes or otherwise." The answer to this question is therefore not only not an allegation of the petition, but directly opposed to the allegation of the petition. The plaintiff comes into court on the allegation of negligence that defendant was running the train so beyond control that it could not be stopped by brakes or otherwise, and the jury finds the exact opposite, which of course cannot bind the defendant. This applies equally where the last clear chance is the issue. Defendant is only required to do what can reasonably be done after the position of peril arises or could have been observed, and is not expected to do something which plaintiff says cannot be done.

It was said in *Atherton v. Railway Co.,* 107 Kan. 6, 190 Pac. 430:

"The trial court correctly charged that after plaintiff's truck was negligently driven between the streetcar tracks, and the plaintiff was in a position of peril and his own negligence had ceased, the defendant would be liable if it saw or by the exercise of ordinary care could have seen him in such position in time to avoid injuring him, and failed to do so." (Syl.)

In the case of *Turner v. Railway Co.,* 106 Kan. 591, 189 Pac. 376, cited in the briefs, it was said in the closing part of the opinion:

"The requested instruction as to wantonness and last clear chance was properly refused, first, because neither of these elements was pleaded, and second, because the evidence did not fairly tend to show either wantonness or circumstances making applicable the doctrine of last clear chance." (p. 601.)

We conclude that this answer, being directly contrary to the allegations of the petition as to negligence, cannot bind the defend-

ant, and that the motion of the defendant for judgment for the defendant on the special findings of the jury should have been sustained.

The judgment is reversed with directions to render judgment for the defendant on the special findings of the jury.