No. 23,597.

WILLIAM C. HANABERY, a Minor, by His Father and Next Friend, J. J. HANABERY, *Appellant*, v. OTTO ERHARDT, *Appellee*, et al.

### SYLLABUS BY THE COURT.

AUTOMOBILE — *Injury to Pedestrian — Special Findings — Contributory Negligence Compels Judgment for Defendant*. The answers to special questions examined, and held to control the general verdict for the plaintiff, and to warrant the judgment rendered for the defendants, because they showed negligence on the part of the plaintiff, and due care on the part of the defendant, eliminating the question of last clear chance asserted by the plaintiff.

Appeal from Ellsworth district court; DALLAS GROVER, judge. Opinion filed March 11, 1922. Affirmed.

*Samuel E. Bartlett*, of Ellsworth, for the appellant.
*Ira E. Lloyd*, and *Norris F. Nourse*, both of Ellsworth, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff appeals from an adverse judgment rendered on special findings by the jury notwithstanding a verdict in his favor.

The action was for damages for injuries caused by an automobile. The petition alleged among other things that the defendant drove his automobile at a high, dangerous and unlawful rate of speed on the streets of Ellsworth when there was a large number of people congregated upon and about the streets; that he did not have his car under control; did not keep a proper lookout and pay proper attention where he was going; that the plaintiff was lawfully upon Douglas avenue and proceeding across the street carefully and prudently, and that the automobile was near him before he saw it; that the plaintiff immediately started to get out of the way, using all due diligence so to do, but was struck by the car with great violence; and that the driver made no attempt to stop the car or give any warning. Further, that the defendant had a full and continuous and unobstructed view of the plaintiff in time to stop the car and avoid the injury; that he knew or ought to have known of the danger to the plaintiff, and after he discovered the danger, and knew or ought to have known thereof, he carelessly and negligently failed to use care to check the car, and carelessly and negligently drove it against the plaintiff.

The plaintiff was a boy fourteen years old. On the stand he said

that he started across the street, about fifty feet, starting out between two cars. He got a little past the middle of the street.

"I did not see the car before it hit me and did not hear the sound of a horn or anything of that kind. I did not know what happened until after I was picked up."

On cross-examination:

"Q. You didn't stop at all? A. No, sir, until the car hit me.

"Q. You didn't stop to look around to see whether a car was coming, did you? A. I looked before I started both ways.

"Q. From the sidewalk, but you didn't stop after you got beyond the automobiles to look at all? A. No, sir.

"Q. No, how long before you started was it that you looked? A. Just right before I started."

The jury returned a verdict in favor of the plaintiff and answered ten special questions. They found that the plaintiff had sufficient age and knowledge to know that it was dangerous to be immediately in front of an automobile driven on the streets, and knew that automobiles were liable to pass where the accident occurred.

"Q. 3. In order to cross the street did the plaintiff leave a place of safety on the sidewalk and pass between automobiles that were parked on the street? A. Yes.

"Q. 4. If you answer the preceding question 'Yes' then state after leaving the sidewalk to cross the street and after passing between the parked automobiles, did the plaintiff look for the approaching automobile driven by the defendant? A. No.

"Q. 5. If you answer the last preceding question 'No' then had he looked would the accident have occurred. A. Possibly.

"Q. 6. After the plaintiff was seen by the defendant did he not stop his automobile as soon as it could be stopped? A. Yes.

"Q. 7. Immediately before the accident occurred, and before the plaintiff got in front of the automobile what if anything was there to prevent the plaintiff from seeing the automobile driven by the defendant? A. Nothing.

"Q. 8. Could not plaintiff have stopped quicker than the defendant could have stopped his automobile, immediately preceding the accident? A. Yes.

"Q. 9. Was plaintiff negligent in not seeing the approaching automobile driven by the defendant? A. Yes.

"Q. 10. Did the defendant's automobile strike the plaintiff immediately after the plaintiff came from behind the parked automobiles? A. No."

The specifications of error involve merely the rendering of judgment on the findings instead of the verdict. No complaint is made touching the instructions or rulings on evidence.

The plaintiff argues that—

"The jury's findings of negligence amounts to [no] more than that in their

Hanabery v. Erhardt.

opinion the defendant should have discovered the perilous situation of the plaintiff. . . . The jury made its finding (included in the general verdict) that the defendant after he discovered the perilous situation of the plaintiff could have avoided the injury by the exercise of ordinary care in changing the course the automobile was traveling or sounded its horn, as alleged in the petition although he did in fact stop the automobile as soon as he could. This finding is not disturbed by the special findings. The special findings do not in any way overturn this finding necessarily included in the general verdict. The doctrine of last clear chance is therefore applicable."

Of course, if it were not for the special findings the general verdict would be conclusive against the defendant on all material and necessary issues under the pleadings and might be construed to mean that the defendant ran the plaintiff down without negligence on his part, or that after seeing the plaintiff's situation of danger, caused by his own negligence, the defendant failed to observe proper care to avoid injury to him. But since the special findings clearly cover the essential issues they control the verdict both as a matter of settled law and practice, and as a matter of necessity, because such answers reveal the real and specific facts which the jury must have intended notwithstanding the general findings to the contrary evidenced by the verdict.

Starting with the statement that the boy was of sufficient intelligence to know the danger of the situation, it is disclosed by the answers that he left a place of safety on the sidewalk, and after passing between automobiles parked there, failed to look for the approaching automobile, although he knew that such vehicles were passing or liable to pass along the street. This unquestionably and inevitably shows carelessness on his part. The question of last clear chance is, however, determined by other answers that after the defendant saw him he stopped his automobile as soon as it could be stopped, and that immediately before the accident nothing prevented the plaintiff from seeing the automobile, and the defendant could not have stopped his car more quickly than the plaintiff could have stopped just before the accident. Then there was the express finding that the plaintiff was negligent in not seeing the car, and, of course, aside from the last-clear-chance doctrine, one cannot recover damages caused wholly or partly by his own carelessness.

The plaintiff presents the proper theory of the law touching the last clear chance, but the findings of the jury so clearly and unmistakably show carelessness on the part of the plaintiff, and prompt

care on the part of the defendant as soon as he discovered the plaintiff's situation of danger, that but one conclusion can be reached, and but one result can follow.

This conclusion and this result were properly expressed by the trial court in the judgment rendered, and such judgment is affirmed.