Crowder v. Williams.

---

No. 24,983.

Laura Crowder, *Appellant,* v. R. B. Williams, *Appellee.*

SYLLABUS BY THE COURT.

1. Negligence—*Automobile Running Down Pedestrian—Motion for Continuance—Judicial Discretion.* A motion for a continuance based on the fact that a litigant in the action was a member of the jury, and had been in association with the other jurors of the regular panel for a month, was addressed to the trial court's discretion, and its ruling denying the motion, in the absence of any showing of prejudice except conjecture, does not constitute error.

2. Same—*Exclusion of Testimony.* Error assigned in exclusion of testimony examined and not sustained.

3. Same—*Instructions.* Error assigned in the instructions examined and not sustained.

4. Same—*Refusal of Requested Instructions—Not Error.* Where a defendant's negligence as charged in plaintiff's petition was established by the evi-

16—116 Kan

dence and specially found by the jury, it is immaterial that other instructions requested by plaintiff, designed to aid the jury in ascertaining the fact of defendant's negligence, were refused.

5. SAME—*Special Questions Refused.* Error assigned in refusing to submit special question to jury examined and not sustained.

6. SAME—*Plaintiff's Negligence Bars Recovery.* In an action for damages for injuries sustained by plaintiff by being struck by defendant's automobile while plaintiff was hurrying diagonally across a city street at a place other than a street intersection, the evidence and special findings examined, and *held,* that judgment on the general verdict in favor of defendant was proper because of plaintiff's contributory negligence as established by her own testimony.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed June 7, 1924. Affirmed.

*Elmer W. Columbia,* of Oswego, *Charles Stephens,* and *F. E. Dresia,* of Columbus, for the appellant.

*Archie D. Neale,* of Chetopa, and *E. L. Burton,* of Parsons, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff was run down by defendant's automobile in a street in Columbus, and failed in her action for damages because of her contributory negligence as found by the jury. She appeals, assigning various errors, which will be noted:

First, plaintiff complains because her motion for a continuance was overruled. This motion was grounded on the fact that defendant was a member of the regular panel of jurors serving at that term of court, and that his association and acquaintance with his fellow jurors in court service for about a month would tend to prevent plaintiff from receiving a fair and impartial trial. But the fact that defendant had served for a month with the other jurors of the regular panel would not necessarily turn them aside from their duty. Some showing of prejudice other than conjecture would be required before reversible error could be predicated on this incident. There being no such showing, the motion was addressed to the trial court's discretion, and its judgment thereon was conclusive. (*Zinn v. Updegraff,* 113 Kan. 25, 38, 39, 213 Pac. 816.)

The next error urged relates to the exclusion of testimony. The record reads:

"Q. Where was this car standing with reference to the north line of travel there?

"Objected to by defendant as incompetent, irrelevant and immaterial. Sustained. Plaintiff excepts."

The record shows no light on this subject. What the witness's answer would have been was never supplied. Consequently the point is unavailing in this appeal. (*Scott v. King*, 96 Kan. 561, 152 Pac. 653; *Leach v. Urschel*, 112 Kan. 629, 212 Pac. 111.)

Complaint is also made because a certified copy of the ordinance of the city of Columbus regulating the speed of automobiles was excluded. This was immaterial because it was substantially the same as the state law, which was sufficiently explained to the jury, and the jury's finding, in effect, was that defendant was violating the speed law at the time his automobile struck and injured the plaintiff. The suggestion is made, however, that the city ordinance limits the speed to six miles per hour at street crossings. Counsel for plaintiff say that the accident occurred at a street crossing. Not so, however. The testimony of plaintiff and her witnesses, with none to the contrary, was that the accident was on Mill street, which runs east and west, at some indefinite point east of its intersection with Illinois street, which runs north and south, and that the accident occurred on the north side of Mill street, east of Illinois street, "right near the crossing"; and that the plaintiff had reached that point by angling northwest from the south side of the street, where she had alighted from another automobile headed eastward. She testified:

"Dora Crowder was driving the car I was in. I told her I wanted to stop at home, and she just forgot to stop there till I got a little further on, and she turned to the right and stopped along the side of the street. . . . The car stopped facing east; I got out on the south side. . . . When I got out of the car I went west to the rear of the car, then started northwest across the street. I was in a hurry to get across the street. . . . As I was walking northwest a car came from the east. I had my back to it just a little. After I got around the rear end of the car and was walking northwest I did not turn my head around to look east to see if a car was coming. When I got out of the car I looked east. As I was walking northwest toward my home I looked to the west and then went across. I looked west and then started across. I suppose I looked northwest. A person would naturally look the direction they went. I was walking fast. . . . I stepped out and looked and went. . . . I told them I didn't look east when I came around. I got out and looked east. . . . I did not see Williams' car till I was hit. There was not anything to prevent me looking east after I came from behind the car. . . . It is a block from Illinois street to East avenue. As I stepped out I was facing south; I turned around this way to look east; I didn't see anything up there. . . .

"The angle I went across the street was almost due northwest. I don't know whether it took me five or fifteen seconds to go across there."

Plaintiff's kinswoman testified in her behalf:

"I am the Mrs. Dora Crowder who was driving the car the plaintiff was riding in just prior to her injury. I stopped the car to the south side of the street. . . . The accident occurred on the north side of the street, right near the crossing. . . . I stopped the car just a short distance east on Mill street, the car facing east. . . . She got out of the car immediately after I stopped. She went around my car west. . . . Anybody could have seen the cars if they had been on the north side of my car and looking east."

We give space for the testimony quoted above, not alone because it shows that the provision of the city ordinance regulating speed at the street crossings had no relation to the accident, but also because the other assigned errors urged are largely determinable thereby.

The next complaint pertains to the instructions. The evidence disclosed that the street was unpaved. There were two well-defined paths of travel—within a few feet of each other near the center of the street. The trial court instructed the jury:

"When plaintiff reached the center of Mill street going in a northwesterly course it was her duty under the law to have looked east along the north side of Mill street before attempting to cross to the north side thereof, for cars that might be coming west on said north side of the street, and if she failed to do so, and you so find and believe from the evidence herein, and by so doing she would have seen defendant's car and could have stopped and thus avoided the injury, then she was guilty of negligence contributing to her injury, and she cannot recover herein and your verdict must be in favor of defendant and against the plaintiff, notwithstanding the fact, if it be a fact, that defendant may have been guilty of negligence as charged by the plaintiff."

This instruction was apparently formulated after examination of the analogous case of *Hanabery v. Erhardt*, 110 Kan. 715, 205 Pac. 352, where the plaintiff attempted to cross a street at a place other than a street crossing. He had to pass between automobiles parked at the side of the street, and he proceeded to cross without looking for automobiles which might be approaching. The trial court set aside the general verdict in plaintiff's favor and entered judgment for defendant on the jury's special findings. This court said:

"Starting with the statement that the boy was of sufficient intelligence to know the danger of the situation, it is disclosed by the answers that he left a place of safety on the sidewalk, and after passing between automobiles parked there, failed to look for the approaching automobile, although he knew that such vehicles were passing or liable to pass along the street. This un-- questionably and inevitably shows carelessness on his part." (p. 717.)

In this case the verdict and special findings were harmonious. The pertinent special findings read:

"Q. 1. What rate of speed was defendant's automobile traveling after it entered Mill street and up to the time of the collision?   A. About fifteen miles per hour.   .   .   .

"Q. 3. What was the distance from the point where defendant entered Mill street to the point of striking the plaintiff?   A. About 285 feet.

"Q. 4. Could the plaintiff have seen defendant's car coming west in Mill street after she started across Mill street had she looked east down Mill street?   A. Yes.   .   .   .

"Q. 7. Did defendant after he discovered plaintiff in the street do everything in his power to stop his automobile and prevent an accident?   A. Yes.

"Q. 8. Do you find that plaintiff through her own negligence contributed to and caused the injury complained of?   A. Yes; by failing to look to the east upon reaching center of street.

"Q. 9. Would any injury have occurred if plaintiff had exercised ordinary and reasonable care in protecting herself?   A. Injury could have been avoided had plaintiff stopped at center of street and looked to east."

Two special questions by plaintiff were also submitted and answered:

"1. State whether or not you find the defendant guilty of negligence which proximately contributed towards plaintiff's injuries by approaching the place where plaintiff was, at an unlawful rate of speed, without sounding any horn or giving any other warning?   A. Yes.

"2. State whether or not you find the defendant guilty of negligence which proximately contributed toward plaintiff's injuries by failure to keep a proper lookout to avoid striking plaintiff with his said car.   A. Yes."

Another criticized instruction reads:

"You are instructed that so far as the use of the public streets of a populous city is concerned, persons walking upon the street and those riding in or driving an automobile have each, an equal right to the free use of any portion of said street, not then in use by another, and each having a right to its free use, there devolves upon each and both a corresponding duty to employ equal care for their personal safety, and the degree of care which is required of each and both of them is ordinary care, as the same has been hereinbefore explained to you."

Plaintiff contends that this instruction is at odds with *Cusick v. Miller,* 102 Kan. 663, 171 Pac. 599, L. R. A. 1918D 1086, but in that case the accident occurred at a street intersection, where a very different degree of responsibility towards pedestrians rests on automobile drivers than elsewhere in the streets. There were other distinguishing incidents in that case from the one at bar, and the jury's special findings were also quite different. The criticized instruction has substantial support in the authorities (*Deputy v. Kimmell,* 73 W. Va. 595, 51 L. R. A., n. s., 989 and note), but it is difficult to see how this instruction, right or wrong, had any effect on the result.

The jury's special findings convicted the defendant of negligence in driving his car at excessive speed, in failing to sound his horn or give any other warning, and in failing to keep a proper lookout (*Williams v. Benson,* 87 Kan. 421, 124 Pac. 531; *Ratcliff v. Speith,* 95 Kan. 823, 149 Pac. 740), yet the facts as testified to by plaintiff and as disclosed in the jury's special findings set out above make a case of contributory negligence which altogether bars a recovery for plaintiff, notwithstanding the negligence of the defendant.

Plaintiff also complains because of the trial court's refusal to give certain requested instructions. These have been examined. If they had been given they could only have aided the jury in ascertaining the fact of defendant's negligence. And as the jury found the defendant guilty of all the elements of negligence charged in plaintiff's petition, the refusal of other instructions designed to lead to that same conclusion could not be prejudicial.

Another error is assigned because the trial court refused to submit a special question to the jury designed to elicit the fact that defendant was driving his car north of and outside the beaten path of westbound travel. Plaintiff argues that one of the defendant's acts of negligence was in looking back to the southeast, and letting his car run too far to the north side of the street and out of the main-traveled part of it. There is no trouble in this case about establishing the defendant's negligence. He was negligent; the evidence proved it, and the jury found it; but a few additional incidents of his negligence more or less which might have been found could have no practical result in this case, since the contributory negligence of the plaintiff, according to her own testimony and with no testimony to the contrary, was so clearly established. The refusal to submit this special question was not error.

The final error urged relates to the overruling of plaintiff's motion for a new trial. Under this assignment it is argued that the jury's special findings Nos. 8 and 9 are the result of the erroneous instructions of which she complains. This relates chiefly to the instruction set out above and others to the same general effect, and which in our opinion were sanctioned by *Hanabery v. Erhardt,* supra, and by the testimony, and a general verdict for defendant logically and naturally followed therefrom. The special findings being pertinent and having support in the testimony, a general verdict in plaintiff's favor could not have been permitted to stand.

Considering this case in its broad outlines, while we may and do·
sympathize with this hapless plaintiff, it would not be just to allow
damages in behalf of a person so careless of her own safety as to
step out behind a parked car on the side of a city street and hurry
diagonally across it at a point other than an intersection without
giving one precautionary glance in the direction from which an
automobile might be approaching. Such lack of the simplest ele-
ment of diligence on plaintiff's behalf barred her from any claim
for damages notwithstanding the negligence of the defendant as
specially found by the jury.

No prejudicial error is shown by the record, and the judgment is
affirmed.