No. 26,455.

ANNA G. BROWN, *Appellant*, v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

RAILROADS — *Accident at Crossing — Contributory Negligence — Diligence in Crossing Double Tracks*. The driver of an automobile on a public highway, who when about to cross a double-track railroad, is prevented from crossing immediately by a train passing on the track next to him, must, before attempting to cross the tracks, wait until that train has passed far enough for him to see and ascertain definitely whether or not another train is approaching on the other track; and, if he fails to do so, he is guilty of contributory negligence and cannot recover any damages sustained by him in a collision with a train on the other track.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed May 8, 1926. Affirmed.

*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for the appellant.

*A. L. Berger,* of Kansas City, *E. T. Miller,* of St. Louis, Mo., *Henry S. Conrad, L. E. Durham* and *Hale Houts,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is a railroad crossing accident case. The plaintiff appeals from a judgment against her sustaining a demurrer to her evidence.

The sufficiency of the evidence to compel its submission to the jury is the only question presented. The evidence tended to show that between Kansas City and Olathe the defendant operated a line of double-track railroad, across which runs the Jefferson highway, a much traveled road from Kansas City, Mo.; that the plaintiff going east attempted to drive an automobile across the railroad tracks, there running approximately north and south; that with the plaintiff in the automobile were her husband and two other persons who were riding with her as her guests; that as she approached the railroad crossing she noticed the regular railroad crossing sign and another sign which read, "Railroad Crossing 100 feet"; that she saw the signs and saw a train coming from the north on the track next to her; that she stopped at about 100 feet from the railroad tracks; that she again started her car, approached the passing train slowly, and stopped again about two car-lengths from the tracks;

Railroads, 33 Cyc. pp. 981 n. 81, 1022 n. 5; 21 L. R. A. n. s. 794; 29 L. R. A. n. s. 924; 46 L. R. A. n. s. 702; 22 R. C. L. 1037.

that the train passed by going to the south and had passed somewhere from 50 to 100 feet when she started to cross the tracks slowly; that she then saw there were double tracks, but could not tell whether the other track was an extra track or a switch track; that she looked and listened all the time; that when she got on the east track, she saw a train coming rapidly from the south on that track; that a collision occurred; that the railroad tracks were in a cut, and the highway approaches to the tracks were down grade to them; that when about thirty feet from the east track, the track farthest from her, she had a view of the railroad to the south for a distance of approximately 1,000 feet; that she did not hear any crossing signals blown by the engine of the approaching train, nor the ringing of any bell; that the passing train left smoke behind it; that when she started across the tracks with her car and the first train' was on the west track going south, she could not see anything coming from the south on the east track; and that the collision resulted in the complete destruction of the automobile, her injury, and the death of her husband. The abstract shows that part of the plaintiff's testimony was as follows:

"Q. When you saw this train approaching from the south what, if anything, did you do with reference to moving on or back? A. I tried to get off the track, but I couldn't. At the time the train hit me the front wheels of my automobile were beyond the east rail.

"Q. Why didn't you proceed eastward out of the way of the train? A. Well, you couldn't.

"Q. Why? A. Well, there is a grade there and you just couldn't make the speed to get across that crossing in time; it was rather rough.

"Q. What did you do at the time you saw this train about to hit you? A. I tried to get a little more speed to get out of the way.

"Q. What do you mean by giving it a little more speed? A. Give it a little more gas.

"Q. Did you do that? A. I did. I got very little response from the car and didn't get very far. The road in front of me was up grade and it starts up just after you leave the east track. As I saw this train coming and attempted to get away the train struck us. That is all I know."

The plaintiff brings the action for damages caused by the destruction of the automobile, the injuries to herself, and the death of her husband.

This case is different from other crossing cases which have heretofore been determined by this court. Here, there was a double-track railroad. The plaintiff stopped, looked and listened before attempting to cross the tracks, and the crossing was not in the con-

3—121 KAN.

dition required by law in that the approach to the crossing was not level on either side for a distance of thirty feet.

The rule is that one about to cross a railroad track must be diligent to avoid a collision with a moving railroad train. When the plaintiff saw that here were double tracks, she must have realized that a train might be passing on each track, and should have waited for the train she saw to have passed a sufficient distance to enable her to see that no train was approaching on the east track; that she did not do. She started to cross the tracks when the passing train was only from 50 to 100 feet away. The passing train then necessarily obstructed her view of the east track. She was negligent in not waiting longer, and that negligence prevents her recovery.

The judgment is affirmed.