No. 26,946.

H. R. WILLIAMS, *Appellee*, v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. RAILROADS — *Accident at Crossing — Contributory Negligence — Judgment Notwithstanding General Verdict.* In a railroad crossing accident case, judgment should be rendered in favor of the defendant notwithstanding a verdict in favor of the plaintiff where the answers to special questions show that although the plaintiff had a clear and unobstructed view of the railroad track for a sufficient distance to have enabled him to see an approaching train in ample time to have stopped his automobile before going on the track, he drove onto the railroad track and was there struck by the approaching train.

2. SAME—*Accident at Crossing—Last Clear Chance—Continuing Contributory Negligence.* In a railroad crossing accident case, the principle of last clear chance cannot be applied under the circumstances described in the first paragraph of this syllabus, where the plaintiff did not make any effort to stop his automobile before going on the railroad track, and there was nothing to indicate to the trainmen that the plaintiff was in a place of danger from which he could not extricate himself until it was too late to avoid a collision.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion filed January 8, 1927. Reversed.

*R. R. Vermillion, W. F. Lilleston,* both of Wichita, and *E. T. Miller,* of St. Louis, Mo., for the appellant.

*Phil Callery, J. E. Callery, Caroline A. Lowe* and *R. L. Robertson,* all of Pittsburg, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment in favor of the plaintiff recovered for damages caused by injuries sustained in a collision between an automobile in which the plaintiff was riding and a train consisting of an engine and caboose operated by the de-

---

Chance, 11 C. J. pp. 281 n. 32, 282 n. 33, 285 n. 37. Negligence, 14 A. L. R. 1191, 1196; 20 R. C. L. 139. Railroads, 33 Cyc. pp. 1049 n. 42, 1143 n. 57.

fendant at a crossing of a public road and the railroad of the defendant.

The plaintiff alleged that the defendant was negligent in operating its locomotive in a careless and negligent manner and in running it at a dangerous and excessive rate of speed. The cause was tried to a jury, which returned a verdict in favor of the plaintiff for $2,000 and answered special questions as follows:

"Q. 1. Do you find that on the occasion in question the railroad track was straight for about one thousand (1,000) feet northeast from the point of accident? A. Yes.

"Q. 2. At what rate of speed was plaintiff driving his automobile in going onto the railroad track? A. About 10 miles per hour.

"Q. 3. At what rate of speed was defendant's engine approaching the point of accident on the occasion in question? A. About 30 miles per hour.

"Q. 4. On approaching the railroad track on the occasion in question, did plaintiff stop before going on that track? A. No.

"Q. 5. If you answer the preceding question in the affirmative, state how many feet from the point of accident plaintiff last stopped before going on the track. A.

"Q. 6. On the occasion in question, from the time plaintiff got within 15 feet of the point of collision until he drove on the railroad track, what, if anything, was there to prevent his ascertaining the approach of the defendant's engine if, before going on the track, he had stopped and carefully looked along that track in the direction from which the engine was then coming thereon? A. Nothing.

"Q. 7. On the occasion in question, from the time plaintiff got within 25 feet of the point of collision until he drove on the railroad track, what, if anything, was there to prevent his ascertaining the approach of the defendant's engine if, before going on the track, he had stopped and carefully looked along that track in the direction from which the engine was then coming thereon? A. Nothing.

"Q. 8. On the occasion in question, from the time plaintiff got within 35 feet of the point of collision until he drove on the railroad track, what, if anything, was there to prevent his ascertaining the approach of the defendant's engine if, before going on the track, he had stopped and carefully looked along that track in the direction from which the engine was then coming thereon? A. Nothing.

"Q. 9. If you find for the plaintiff, please state upon what negligence of defendant, if any, you base your verdict. A. Exceeding speed limit and no evidence showing an attempt of the defendant to stop.

"Q. 10. From the time plaintiff entered the paved portion of the street until he got within ten feet of the railroad track, did he look northeast along said track for engines or cars? If so, where? A. No."

The defendant filed a motion for judgment on the special findings

of the jury. That motion was denied, and judgment was rendered in favor of the plaintiff.

1. The defendant assigns error on the overruling of its motion for judgment on the special findings of the jury, on not rendering judgment for the defendant, and on rendering judgment in favor of the plaintiff. All these present but one proposition, and that is: Should judgment have been rendered in favor of the defendant on the special findings of the jury notwithstanding the general verdict?

The plaintiff seeks to avoid the contentions of the defendant by arguing that the plaintiff was not negligent, and that the findings of the jury were not in conflict with the general verdict. The findings show that both the plaintiff and the defendant were violating the law in the rate of speed at which they were traveling; that the plaintiff did not stop before going on the track; that he could have seen the approaching train when he was fifteen feet, twenty-five feet, and thirty-five feet from the track; and that he did not look to see whether or not a train was coming until he was within ten feet of the railroad track. In *Jacobs v. Railway Co.*, 97 Kan. 247, 252, 154 Pac. 1023, this court said:

"More than a dozen times this court has said that a traveler must look and listen for approaching trains before attempting to cross railroad tracks, and that if he fails to do so and is injured in consequence thereof, damages cannot be recovered for such injury."

More than a dozen cases, beginning with the 10th Kansas and ending with the 94th Kansas, are cited to support the statement here made. Numerous cases decided since that time might also be cited, among which are *Wehe v. Railway Co.*, 97 Kan. 794, 156 Pac. 742; *Bunton v. Railway Co.*, 100 Kan. 165, 163 Pac. 801; *Williams v. Electric Railroad Co.*, 102 Kan. 268, 170 Pac. 397; *Grisham v. Traction Co.*, 104 Kan. 712, 715, 181 Pac. 119; *Rathbone v. Railway Co.*, 113 Kan. 257, 260, 214 Pac. 109; *Ewing v. Railroad Co.*, 117 Kan. 200, 206, 231 Pac. 334; and *Brown v. St. Louis-San Francisco Rly. Co.*, 121 Kan. 32, 245 Pac. 1034.

Under the findings of the jury, the plaintiff was guilty of contributory negligence.

2. The plaintiff argues that he was entitled to judgment under the last-clear-chance principle of the law of negligence. We quote that principle from 11 C. J. 281, 283, as follows:

"The party who has the last opportunity of avoiding an accident is not excused by the negligence of anyone else. His negligence and not that of the

Williams v. St. Louis-S. F. Rly. Co.

one first in fault is the proximate cause of the injury. Again it has been stated in this way; where both parties are negligent, the one that has the last clear opportunity to avoid the accident, notwithstanding the negligence of the other, is solely responsible for it, his negligence being deemed the direct and proximate cause of it, . . . but this principle cannot govern where both parties are contemporaneously and actively in fault, and by their mutual carelessness an injury ensues to one or both of them. The doctrine, however, is susceptible of two interpretations. The one is that it will apply only to cases where the negligence of the injured party is wholly antecedent to the negligence of the party causing the accident, and hence that, where the negligence of the injured party is continued up to the time of the accident, it will not apply if there is a physical possibility for him to escape."

In *Juznik v. Railway Co.*, 109 Kan. 359, 364, 199 Pac. 90, this court said:

"If the defendant was negligent as pleaded and there was contributory negligence on the part of the plaintiff, and his negligence was concurrent and contemporaneous with that of the defendant up to the moment of the injury, there can, of course, be no recovery." (See, also, *Dyerson v. Railroad Co.*, 74 Kan. 528, 87 Pac. 680; *Railway Co. v. Clinkenbeard*, 77 Kan. 481, 485, 94 Pac. 1001; *Railway Co. v. Bentley*, 78 Kan. 221, 93 Pac. 150; *Marple v. Railway Co.*, 85 Kan. 705, 118 Pac. 690; *Mourning v. Railway Co.*, 110 Kan. 417, 420, 204 Pac. 721; *Muir v. City Railways Co.*, 116 Kan. 551, 555, 227 Pac. 536; *Tartar v. Missouri-K.-T. Rld. Co.*, 119 Kan. 365, 239 Pac. 754.)

The plaintiff's right to recover on the last-clear-chance principle was submitted to the jury by the court, but the evidence abstracted shows that there was no room for the application of the principle. The evidence does not show that the plaintiff was at any time in a place of danger from which he could not extricate himself until the train was so close to him that a collision with his automobile could not be avoided. The evidence tended to prove that along the railroad track there was a clear view of the crossing for a thousand feet; that the plaintiff looked for an approaching train but saw none; that the street was muddy and slippery; that the plaintiff's car skidded; that the plaintiff first saw the engine when it was about seventy-five feet from him and he was about ten feet from the track; that he could not then stop his car before going on the track; that he attempted to cross ahead of the train; that he would have succeeded if he had had another second of time; that his car was struck by the engine, but his car was moving all the time; that he did not attempt to stop it; and that the train running at six miles an hour ought to have been stopped within ten or fifteen feet, and running at twenty miles an hour ought to have been stopped within sixty feet. The jury found that the train was running thirty miles

an hour. When the plaintiff first saw the train, it was seventy-five feet from him. He did not attempt to stop. The trainmen could not assume that he would not stop. He was then in a place of danger from which he could not extricate himself. He tried to beat the train, and failed. The reason given by the plaintiff for not attempting to stop his car was that after he saw the train, he could not stop the car before it got on the railroad track. The findings of the jury and the evidence of the plaintiff showed that he was negligent in going on the track, and that his negligence continued until the collision occurred.

The judgment is reversed, and judgment is rendered in favor of the defendant.