No. 27,239.

ALBERT L. WHATLEY, *Appellee*, v. THE CHICAGO GREAT WESTERN RAILROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. RAILROADS—*Accident at Crossing—Evidence.* The evidence is held to sustain a verdict for the plaintiff in a railroad crossing collision case.

2. SAME—*Accident at Crossing—Negligence—Misunderstanding Signal.* An instruction is held proper to the effect that one whose horse and wagon were struck by a freight car as he was undertaking to drive across a railroad track was not as a matter of law guilty of negligence because he acted upon a signal which was not intended for him, but which was given in such a manner that a person of ordinary care and prudence in his situation would have understood it as a signal for him to proceed across the track.

3. SAME—*Accident at Crossing—Negligence as Matter of Law.* A requested instruction that a driver in the situation stated in the foregoing paragraph was negligent as a matter of law if after being stopped by a flag he undertook to drive across the track without a signal, was properly refused because of disregarding the hypothesis of his having mistaken a signal to an engineer for one intended for him.

4. SAME—*Last Clear Chance—Pleading.* It is held that the giving of an instruction on the doctrine of the "last clear chance" was not erroneous, although the facts to which it was applicable had not been fully pleaded.

5. SAME—*Amount of Verdict.* The judgment is held not to have been so large as to require a reversal.

6. NEW TRIAL—*Overruling Motion.* The claim that the motion for a new trial was overruled *pro forma* is not supported by the record.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed March 12, 1927. Affirmed.

*Charles T. Meuscr,* of Paola, *A. L. Berger,* of Kansas City, and *Walter H. Jacobs,* of Chicago, Ill., for the appellant.

*George H. West* and *P. W. Croker,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Albert L. Whatley undertook to drive in a wagon drawn by a horse across five parallel railroad tracks crossing a street. A freight car in the course of a flying switch struck his horse and wagon. He brought this action against the Chicago Great Western Railroad Company to recover for injuries to himself and his property. Judgment was rendered in his favor, and the defendant appeals.

Appeal and Error, 4 C. J. p. 871 n. 10. Railroads, 33 Cyc. pp. 1087 n. 38, 1127 n. 57, 1139 n. 31, 1144 n. 60, 1440 n. 33; 41 L. R. A. n. s. 360; 22 R. C. L. 1010.

1. The defendant contends the evidence did not warrant submitting the case to the jury, because it clearly showed the plaintiff to have been guilty of negligence in driving upon the track while the car was approaching. The plaintiff testified, however, that as he approached the first track a flagman gave him a signal to stop; that he did so and waited about five minutes; that after an engine and cars which he had seen approaching had passed over, he received from the switchman who was giving the signals a signal to come on; and that he started up in reliance on the signal and was struck at the third track. While there was much evidence tending to contradict the plaintiff's story, the jury and trial judge must be regarded as having settled in his favor the disputed questions of fact, and if, as he testified, he undertook to cross in obedience to a signal, he obviously was not as a matter of law guilty of negligence in doing so.

2. Complaint is made of the refusal to give a requested instruction to the effect that if the plaintiff mistook a signal to an engineer to come on as one for him to do so, the defendant would not be liable for his mistake. The instruction was given in substance, but with the addition of the words—"unless you find . . . that such signal was given in such a manner that a person of ordinary care and prudence would have understood it as a signal to him to proceed across said tracks, in which event the plaintiff should not be held guilty of negligence because he acted upon such signal." We think the addition was pertinent and proper. If the signal to come on was meant for the engineer, but was made in such a manner that a person of ordinary care and prudence in the plaintiff's situation would understand it was meant for him, his mistake could not amount to negligence as a matter of law.

It is argued that the addition to the requested instruction placed upon the defendant the burden of putting into the mind of the plaintiff a proper understanding of its signals. We think there was room for the jury to conclude from the evidence that although the plaintiff believed he had been signaled to come on, he may in fact have seen the signal meant for the engineer and without negligence have believed it to be intended for him.

3. Complaint is also made of the refusal of a requested instruction to the effect that if the plaintiff, after having been stopped, proceeded to drive across without a signal, this would conclusively establish negligence on his part. We think its rejection justifiable for the reason that it left out the hypothesis of his having, while

acting with ordinary care and prudence, mistaken a signal to the engineer for one intended for him.

4. Further complaint is made because an instruction was given embodying the "last clear chance" doctrine without the pleading of any facts to which it was applicable. The details attending the collision appear to have been fully brought out, no rejection of offered evidence being specifically complained of, and we think any lack of fullness of statement in the petition does not form a basis for a reversal.

5. It is argued that the judgment (for $1,650) was too large, because a part of the plaintiff's disabilities were due to trouble antedating the collision. This was a question of fact, and we find no just basis for interfering with the decision in this regard.

6. The suggestion is made that the motion for a new trial was overruled by the trial court *pro forma.* The record, however, does not show this to have been the case.

The judgment is affirmed.