No. 29,175.

HARRIET DEARING, *Appellee,* v. THE WICHITA RAILROAD AND LIGHT COMPANY, *Appellant.*

(285 Pac. 621.)

Opinion filed March 8, 1930.

*Robert F. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris* and *George B. Powers,* all of Wichita, for the appellant.

*John W. Adams* and *O. R. Nelson,* both of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages for injuries sustained by plaintiff in being struck and injured by one of defendant's street cars in Wichita.

The pertinent facts were these: Main street in Wichita runs north and south. Defendant has a double line of car tracks in that street. Second and Third streets intersect Main street at right angles. On August 23, 1927, about 6:30 a. m., plaintiff started from a point on the west side to cross Main street diagonally toward the southeast between Second and Third about midway of the block. When she reached the east rail of the west car track her attention was attracted to an automobile coming rapidly from the south. This caused her to hesitate, and just at that moment one of defendant's cars came from the north at high speed and struck the plaintiff, knocked her down, and dragged her by her clothing for a considerable distance. She was variously bruised and injured.

In her petition plaintiff charged defendant with negligence in operating its car at a high and dangerous rate of speed, and at an excessive speed under the city ordinances, and without ringing any bell or giving any signal of its approach, and without having the car under proper control, and—

"That the said defendant was guilty of further negligence, acting as aforesaid, in that the said defendant, by and through its duly authorized agent. and servant and motorneer in charge of said street car, saw or could have seen, in the exercise of ordinary care, and did see that the plaintiff was in a position of danger, and failed to slacken the speed of said street car, or stop the same, or attempt to stop said street car, and avoid injuring this plaintiff, as herein alleged."

Plaintiff prayed for $3,000.

Defendant joined issue on these allegations, and pleaded contributory negligence on the part of plaintiff.

The cause was tried before a jury. The evidence for plaintiff tended to prove the negligence of defendant, but also showed that plaintiff herself was guilty of contributory negligence. The court gave an instruction to that effect, with the addition, however, that if the motorman had a last clear chance and failed to seize it to avoid injuring plaintiff after discovering the peril her own negligence had gotten her into, defendant would be liable. The instruction read:

"No. 8. . . . The court instructs you that the plaintiff was guilty of negligence in not looking to see whether or not there was a street car coming from the north, and you are further instructed that her negligence will bar a recovery in this case unless it satisfactorily appears to you from the evidence that after the plaintiff reached the position of danger from which she could not extricate herself, that the motorman of the defendant company, when he saw, or should have seen, plaintiff's peril, did not exercise reasonable care to avoid injuring the plaintiff. If you find that the motorman saw, or in the exercise of ordinary care and prudence, ought to have seen, the plaintiff's position of danger in time to have avoided the injury and that he failed to do so, then in that event the plaintiff might recover."

The jury returned a verdict for $700 in favor of plaintiff and answered certain special questions, some of which read:

"No. 3. Did the plaintiff see the approaching street car before she went upon the street-car tracks? A. No.

"No. 4. If you answer that preceding question in the negative, state what prevented her from seeing the approaching car. A. Automobile.

"No. 5. In what part of the block did the accident happen? A. About midway.

"No. 6. What negligence, if any, do you find as against the defendant street-car company? A. Excessive speed limit; no warning given, not watching his track, ahead."

Judgment was entered for plaintiff and defendant assigns various errors, only one of which will need attention.

Since the trial court instructed the jury that plaintiff herself was guilty of negligence in not looking to see whether or not there was a street car coming from the north before she stepped on the street-car track, and that ruling was acquiesced in by plaintiff, the propriety of the verdict and judgment depends upon the question whether there was an opportunity for the doctrine of the last clear chance to operate. On this point the brief of appellee gives us no assistance. Her counsel reiterate the allegations of her petition concerning defendant's negligence and cite the evidence in their support, all of which would be valuable if we were considering the question whether or not defendant was negligent. But our problem is beyond that question. The jury's verdict was a finding that defendant was negligent, and we approach our problem with that fact established. The trial court's instruction, which indeed was in accord with the plaintiff's own evidence and with the jury's special finding No. 3, was explicitly that the plaintiff was negligent and that her negligence would bar a recovery unless the rule of the last clear chance would save her cause of action.

Defendant contends that there was no opportunity for the doctrine of last clear chance to operate. In *Jamison v. Atchison, T. & S. F. Rly. Co.*, 122 Kan. 305, 252 Pac. 472, plaintiff was injured at a railway crossing. The jury found the railway company negligent on the debatable ground that it should have slowed down and had the train under control. Plaintiff's contributory negligence was likewise established by his own testimony, and the court so instructed the jury, but left it for the jury to say whether the circumstances would permit the application of the doctrine of last clear chance. This court said:

"The doctrine can be invoked in negligence cases only when the party relying upon it has by his own prior negligence gotten himself into a predicament from which his subsequent diligence will not avail to extricate him without injury or damage through the act or delict of another party, but where such other party has a fair opportunity—a last clear chance—to avert or minimize the accident, injury or damage, by the exercise of reasonable diligence after the negligence of the first party has ceased. (*Dyerson v. Railroad Co.*, 74 Kan. 528, 87 Pac. 680, 7 L. R. A., n. s., 132, and note; *Juznik v. Railway Co.*, 109 Kan. 359, 364, 365, 199 Pac. 90; *Williams v. St. Louis-San Francisco Rly. Co.*, ante, p. 256, and citations.)" (p. 308.)

Applying that doctrine to the Jamison case, the court said:

"Just when did the plaintiff's negligence cease to be effective, so as to create a sufficient margin of time thereafter and prior to the accident in which the defendant had a fair opportunity, a last clear chance, to avert or minimize the collision and its consequences?" (p. 308.)

The opinion quoted from plaintiff's testimony and concluded thus:

"At all events, plaintiff completely failed to make out a *prima facie* case showing that his own negligence had ceased for a sufficient length of time to have permitted the defendant by diligent action to have averted or minimized the accident and injury to plaintiff." (p. 310.)

The pertinency of the doctrine of last clear chance has frequently been considered in street-railway negligence cases. Thus in *Muir v. City Railways Co.*, 116 Kan. 551, 227 Pac. 536, which was a damage case arising from a collision of a street car and a grocery delivery truck, both plaintiff and defendant were negligent, but after plaintiff's negligence had gotten him and his truck into a place of danger from which he could not extricate himself the motorman in the street car had sufficient time and space to have avoided or minimized the collision. In that case there was a last clear chance which the motorman failed to use to avert the collision and its consequences, and a judgment in favor of plaintiff was upheld. See, also, *Morlan v. Hutchinson,* 116 Kan. 86, 225 Pac. 739, and *Tarter v. Missouri-K. T. Rld. Co.*, 119 Kan. 365, 239 Pac. 754.

A typical case where the doctrine of last clear chance was unsuccessfully invoked was *Maris v. Street Railway Co.*, 98 Kan. 205, 158 Pac. 6. Plaintiff was riding a motor cycle at a high and negligent rate of speed as he approached a street intersection on which defendant's street car was moving at ten miles an hour on a down grade. Plaintiff was about twenty-five feet from the car when the motorman first saw him. Immediately the brakes were applied, but the street car could not be stopped in time to avoid a collision, and plaintiff was injured. The jury returned a verdict for plaintiff and answered special questions, following which the trial court entered judgment for defendant *non obstante.* On appeal this court affirmed the judgment, saying:

"We deem it unnecessary to enter into a discussion of the doctrine of 'the last clear chance.' It was relied upon in the petition and is urged here, but the doctrine finds no room for application to the situation presented by the facts determined by the jury. The plaintiff's own negligence extended up to and actually contributed to his injury. There was no new breach of duty by the motorman subsequent to plaintiff's negligence. The finding is that

the motorman did not see plaintiff when he was thrown under the car and that he first learned of the fact when the car was stopped, and besides there is the finding that he did everything in his power to stop the car as soon as he saw the plaintiff. That the doctrine of the last clear chance is not applicable to these facts, see *Dyerson v. Railway Co.,* 74 Kan. 528, 87 Pac. 680, 7 L. R. A., n. s., 172; *Railway Co. v. Bentley,* 78 Kan. 221, 93 Pac. 150; *Himmelwright v. Baker,* 82 Kan. 569, 109 Pac. 178; *Coleman v. Railway Co.,* 87 Kan. 190, 123 Pac. 756; *Marple v. Railway Co.,* on rehearing, 85 Kan. 705, 118 Pac. 692. The theory upon which plaintiff seeks to support the doctrine is, that the motorman ought to have discovered the perilous situation of the plaintiff in time to have avoided the injury. In *Coleman v. Railway Co.,* supra, and in *Marple v. Railway Co.,* supra, it was held that the doctrine never applies where the negligence of the defendant is predicated upon the theory that defendant should have discovered plaintiff's danger in time to have avoided the injury but did not in fact discover it." (p. 208.)

Later cases to the same effect are: *Ogden v. Wilson,* 120 Kan. 269, 243 Pac. 284; *Williams v. St. Louis-S. F. Rly. Co.,* 122 Kan. 256, 252 Pac. 470; *Clark v. Atchison, T. & S. F. Rly. Co.,* 127 Kan. 1, 272 Pac. 128.

In the case at bar there was no evidence which even remotely tends to show that after the motorman saw or with diligence could have seen that the plaintiff was in a place of danger he could have stopped his car in time to avoid striking her. Another factor which enters into the law of the last clear chance was also wanting: Plaintiff's negligence in stopping on the street-car track did not get her into a place of danger from which she could not extricate herself. All she had to do was to take one step and she would have been in perfect safety. Nothing prevented her from taking that single step except her continued negligence in halting on the railway track, which in itself was another circumstance which left neither time nor opportunity—no last clear chance—for the motorman to have averted the collision which his and her negligence had made inevitable.

The judgment is reversed and the cause remanded with instructions to enter judgment for defendant.