No. 29,744.

MARY LATHROP, *Appellee*, v. BURKE MILLER, *Appellant*.

(295 Pac. 722.)

Opinion filed February 7, 1931.

*B. Hudson* and *Douglas Hudson*, both of Fort Scott, for the appellant.
*Hubert Lardner* and *Daniel O. Lardner*, both of Fort Scott, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This action was brought by Mary Lathrop against Burke Miller to recover damages sustained by her when an automobile driven by defendant was run against her on January 14, 1929, in the city of Fort Scott.  She recovered damages in the sum of $150, and the defendant appeals.

In her petition she alleged that the injury was inflicted by the carelessness and negligence of the defendant in failing to give signals, in driving on the wrong side of the street, and at a rate of speed that was excessive, and also that he failed to keep a proper lookout for persons using the street.  The defendant in his answer alleged that the injury was caused by the gross negligence of plaintiff in rushing out into the street at a point where there was no crossing or crosswalk, a place at which drivers would not anticipate that persons might be crossing, and also without taking the ordinary precaution to care for her own safety—all this on a dark night with icy streets, sleet and wind, which interfered with both vision and hearing.  With the verdict in favor of plaintiff the following special findings were returned by the jury:

"1. Was there any crosswalk at the point at which plaintiff was attempting to cross the street?  A.  No.

"2. What kind of a night was it?  A.  Cloudy and cold.

"3. What did defendant do to try to prevent the accident when he saw the plaintiff crossing the street?  A.  Applied brakes and tried to dodge.

"4. If defendant put on his brakes, how far was it from the point at which the brakes were applied until the car stopped? A. Thirty feet.

"5. Was the plaintiff negligent in attempting to cross the street at this point and under the circumstances above found? A. No.

"6. Could not plaintiff have stopped quicker than the defendant could have stopped his automobile immediately preceding the accident? A. Yes.

"7. After the plaintiff was seen by the defendant, did he not stop his automobile as soon as it could be stopped? A. Yes.

"8. Do you find that plaintiff by her own negligence contributed to the injury complained of? A. Yes.

"9. What could defendant have done after he discovered plaintiff in the street in front of him, more than he did, to avoid the injury? A. Nothing more."

There can be little controversy as to the disposition of this appeal. The contributory negligence of the plaintiff was brought directly in issue. There was evidence tending to show a lack of ordinary care on the part of the plaintiff and that her negligence contributed to the injury sustained. Whether the plaintiff exercised ordinary care to prevent injury to herself was a question for the determination of the jury. Upon the evidence the jury has expressly found that plaintiff by her own negligence contributed to her injury. So often has it been decided that special findings in conflict with the general verdict control the general verdict that citations of authority are hardly justified, but see *Maris v. Street Railway Co.*, 98 Kan. 205, 158 Pac. 6, and cases cited.

Assuming that there was negligence on the part of the defendant and that the ordinary negligence of the plaintiff contributed to her injury, there is no escape from the conclusion that it bars a recovery of damages for the injuries she sustained. Plaintiff contends that while the jury found contributory negligence on her part, the finding does not necessarily mean that her negligence was the proximate cause of the injury. Even if it was not the primary cause, but did contribute in a degree, it must be interpreted as a proximate and not a remote cause.

The instructions of the court have not been brought into the record, and it may be assumed that they were correctly given and that the elements of contributory negligence were properly defined by the court. Under these instructions as to what was essential to make a case of contributory negligence, the jury found that her negligence contributed to her injury, and if her negligence is one of the causes of the injury and without which it would not have oc-

curred her carelessness is a complete defense to her recovery of damages. The plaintiff is not complaining of the finding and is not appealing from a ruling allowing it to stand. The testimony furnished a substantial basis for the finding of the jury. The effect of the finding is that her acts and omissions contributed directly to the injury, and where the negligence of the injured person is in part a contributing cause it is to be regarded as a proximate cause. (*Crowder v. Williams,* 116 Kan. 241, 226 Pac. 774; 45 C. J. 978.)

In view of the finding of the jury the judgment is reversed and the cause remanded with the direction to enter judgment for the defendant.