No. 32,956

Doris Blosser, a Minor, by L. D. Blosser, Her Father and Next Friend, *Appellee*, v. L. F. Wagner, *Appellant*.

(59 P. 2d 37)

Opinion filed July 3, 1936.

*G. L. Light* and *Auburn G. Light*, both of Liberal, for the appellant.
*Charles M. Tucker* and *Charles Vance*, both of Liberal, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: In this case the defendant appeals from a judgment rendered against him in an action for damages caused by the collision of his automobile with the plaintiff, a twelve-year-old girl, on her bicycle, and it involves the questions of the last clear chance and wantonness, also the question of negligence and liability for additional injuries occurring after the first impact or collision.

The petition alleged negligence in many different particulars, also wantonness, and asked for damages in the sum of $12,300. The answer was a general denial and it alleged contributory negligence on the part of the plaintiff. The reply was a general denial. The jury returned a general verdict for plaintiff for $900 and answered five special questions. The defendant moved the court to render judgment for defendant on the answers to the special questions notwithstanding the general verdict. This motion of the defendant and his motion for a new trial were both overruled and defendant appeals,

assigning as error these rulings and the giving and refusing to give certain instructions.

The appellant does not include in his abstract any of the evidence, thus admitting that the evidence sustained the findings of the jury. The appellee in her counter abstract sets out three sentences of the defendant's testimony in narrative form for the purpose of showing wantonness and the speed at which he was traveling at the time of the collision and the testimony of another witness giving the result from his experiments with defendant's car in stopping it within a certain distance when traveling at the speed named by defendant. The appellant in his reply brief supplements the evidence of defendant quoted in the counter abstract with further statements of defendant intended to modify or qualify that quoted in the counter abstract as evidence of wantonness.

This accident is alleged to have occurred about 6:30 p. m. on Second street in the city of Liberal, on March 8, 1934. Among the allegations of negligence contained in the petition are the following:

". . . in failing after he had discovered or should have discovered by exercise of reasonable care plaintiff's danger to turn said automobile slightly to the south, which turning would have caused said automobile to avoid striking this plaintiff and the bicycle upon which she was riding; in failing to apply brakes after he discovered or should have discovered by exercise of reasonable care that plaintiff was endangered by his vehicle; in operating said automobile with faulty and defective brakes; . . . in willfully and wantonly driving said automobile against this plaintiff and the bicycle upon which she was riding."

Appellant first urges that instruction No. 8 was erroneous in outlining and defining to the jury the doctrine of the last clear chance, because no such doctrine was pleaded in the petition. The portion of the petition above quoted, all except the last clause, certainly has direct reference to that doctrine where it speaks of the defendant "failing after he had discovered or should have discovered by exercise of reasonable care plaintiff's danger," and in the next clause "in failing to apply brakes after he discovered or should have discovered by exercise of reasonable care that plaintiff was endangered by his vehicle." Last clear chance is usually developed by the pleadings on both sides of the case, because the doctrine is regarded as an exception to the rule forbidding recovery by a plaintiff guilty of contributory negligence. (22 R. C. L. 144.) Strictly speaking, the petition might not be considered complete without an admission of contributory negligence, but this is usually alleged by the de-

fendant, and then in the proceedings the question of whether that contributory negligence is a remote or proximate cause of the injury is considered. The petition in this case contains as much or more than seems to have been pleaded in the following cases, where the petitions were held to be sufficient to present that issue:

"Where the plaintiff in his petition set forth the circumstances under which the collision occurred, and defendant alleged that plaintiff's injuries were the result of his contributory negligence, a charge which the plaintiff denied, and proof was offered tending to show that the train was backed upon plaintiff after those operating it saw his helpless plight on the crossing, the court was warranted in instructing the jury as to the doctrine of the last clear chance, although the plaintiff had not stated in words in his petition that he was invoking that doctrine, and although he had not admitted that he was negligent in driving upon the crossing." (*Juznik v. Railway Co.*, 109 Kan. 359, syl. ¶ 2, 199 Pac. 90.)

"It is held that the giving of an instruction on the doctrine of the 'last clear chance' was not erroneous, although the facts to which it was applicable had not been fully pleaded." (*Whatley v. Chicago G. W. Rld. Co.*, 123 Kan. 187, syl. ¶ 4, 253 Pac. 1096.)

"In an action for damages for injuries received at a railroad crossing on account of the negligence of the defendant railway company, where it is stated in the petition that the plaintiff's automobile became stalled upon the crossing, and before the plaintiff could get out of the automobile or away from the crossing the collision occurred, it is held that it was sufficient to inform the defendant of the intention of the plaintiff to make a claim under the last-clear-chance doctrine, although the pleadings along that line were incomplete (*Juznik v. Railway Co.*, 109 Kan. 359, 199 Pac. 90)." (*Bass v. St. Louis-S. F. Rly. Co.*, 143 Kan. 740, syl. ¶ 1, 57 P. 2d 467.)

It is earnestly argued by the appellee in support of the conclusion reached by the court and jury that the element of wantonness, pleaded by the plaintiff, may properly eliminate the feature of contributory negligence as it has frequently been held, and in addition to several citations to that effect reference is made to the testimony of the defendant quoted in the counter abstract to establish such. We have no difficulty in concluding that there is enough in the petition to justify the introduction of evidence to establish wantonness, but we may have difficulty in treating it as having been established in this case.

In the case of *Railway Co. v. Baker*, 79 Kan. 183, 98 Pac. 804, cited by appellee in this connection, the jury found that the accident was due to the reckless and wanton misconduct of the defendant, but the instruction given by the trial court did not correctly define wanton misconduct, and for that reason the case was reversed and a

definition of wantonness was given in the opinion which has regularly been followed since. It is as follows:

"One who is properly charged with recklessness or wantonness is not simply more careless than one who is only guilty of negligence; his conduct must be such as to put him in the class with the willful doer of wrong. The only respect in which his attitude is less blameworthy than that of the intentional wrongdoer is that instead of affirmatively wishing to injure another he is merely willing to do so." (p. 189.)

The case of *Tempfer v. Street Railway Co.*, 89 Kan. 374, 131 Pac. 592, is also cited by appellee, where the question as to wantonness was also asked of the jury and rather indefinitely answered, but it was held that it eliminated the contributory negligence of the plaintiff in going to sleep on the railroad track.

In the case of *Fabac v. St. Louis & S. F. Rly. Co.*, 119 Kan. 58, 237 Pac. 1019, the court exhaustively discussed the question of wantonness as dispensing with the contributory negligence of the plaintiff, and held after a careful review of the testimony in the record that the evidence disclosed a marked case of wantonness. In this case, after approving the distinctions made in the Baker case, it was further stated in the opinion:

"To constitute wantonness toward one discovered in a position of peril, there must be will to injure, or there must be such indifference to consequences, with realization that catastrophe is imminent, as to amount to willingness to injure." (p. 63.)

In the case of *Stout v. Gallemore*, 138 Kan. 385, 26 P. 2d 573, which was under the guest statute, all these distinguishing definitions were reviewed and the distinctions in the Baker and Fabac cases were approved, and it was further stated in the syllabus:

"The use of the word 'reckless' may imply nothing more than negligence, or it may be a descriptive term implying wantonness." (Syl. ¶ 2.)

Of course the word "wanton" in a petition is a mere conclusion, and unless it is accompanied by other words, such as willful, reckless, or indifference it will not meet the requirement of such an allegation. In the case at bar the words willful and reckless were both used in connection with the wanton misconduct alleged, and the petition also contained allegations as to the operation of the automobile by the defendant which, if willfully done, as alleged, would bring the allegations within the above definition of wantonness.

We are not afforded the opportunity of reviewing the evidence in this case on this subject except the two short narrative statements

above referred to, as given in the counter abstract and in the reply brief. They are respectively as follows:

"That he saw plaintiff turn into his path and knew he was going to hit her, but did not have time to avoid hitting her. That the front end of his car struck plaintiff's bicycle and threw her and the bicycle under the car where they became entangled and were dragged along the pavement until the car stopped.

". . . that she was on her proper side of the street, and he on his; that he saw some cars in the filling station at the intersection; that he took his eyes off the plaintiff to watch for cars at the intersection; that the next thing he realized the plaintiff ran into the fender of his car; that at that time the bicycle was traveling in a northwesterly direction, 'just making a completion of the turn;' and that, 'I stopped as quick as I could.'"

It would be difficult for any court from this evidence alone to conclude, as was done in Fabac case, that the evidence disclosed a case of wantonness.

The answers given by the jury in the case at bar to the five special questions submitted are as follows:

"1. Do you find that the defendant, L. F. Wagner, was negligent in the operation of his automobile? A. Yes.

"2. If you answer question No. 1 in the affirmative, state of what such negligence consisted? A. In not stopping car sooner after striking bicycle.

"3. If you answer question No. 1 in the affirmative, was defendant's negligence the proximate cause of the collision and injuries to the plaintiff? A. Yes.

"4. Was the plaintiff, Doris Blosser, guilty of negligence that contributed to the collision and injuries? A. Yes.

"5. If you answer question No. 4 in the affirmative, state of what such negligence consisted. A. In turning in front of defendant's car."

Appellant contends in support of his motion for judgment on the special findings of the jury notwithstanding the general verdict, that the answers to the special questions are inconsistent with the general verdict and therefore the special answers must control, citing numerous cases among which are: *Crowder v. Williams*, 116 Kan. 241, 226 Pac. 774; *Hanabery v. Erhardt*, 110 Kan. 715, 205 Pac. 352; and *Lathrop v. Miller*, 132 Kan. 425, 295 Pac. 722. These answers limit the negligence of the defendant to not stopping the car sooner after striking the bicycle. Defendant was therefore not guilty of any negligence whatever before or at the time of striking the bicycle. The fourth and fifth answers make the plaintiff guilty of negligence contributing to the collision and injuries by having turned in front of defendant's car.

The answer as to the negligence of the defendant being in the failure to stop the car sooner after striking the bicycle eliminates all other kinds of negligence enumerated in the petition, including wantonness, which is, as above stated, eliminated in this particular case in more ways than one. So we have in the answers to the special questions the negligence of the plaintiff contributing to or causing the collision and injuries and the negligence of the defendant in not stopping his car sooner after striking the bicycle.

Appellee applies the doctrine of last clear chance to the fact that the contributory negligence of the plaintiff had ceased after turning in front of defendant's car and being struck thereby, and the negligence of the defendant began after his car struck her and her bicycle in not stopping his car sooner thereafter.

Counsel for plaintiff argue that some of plaintiff's injuries may have come from the collision for which she herself is responsible, but all additional injuries suffered after the collision were chargeable to the defendant because of his not stopping his car sooner. The trial court took this view of the question and gave an instruction as to additional injuries after the collision. No cases have been cited sustaining this view in the application of the doctrine of last clear chance, but two text citations are furnished, Restatement, Torts, § 480, and 45 C. J. 984, but in both these texts the further explanation limits the application to an extent that apparently eliminates a case of this kind.

We would not wish to say that the negligence of the defendant after a collision might not produce additional injuries as outlined by the trial court in its instructions, but it would be accompanied with numerous and severe difficulties in determining the extent of injury received before and after the negligence of the defendant began. The nearest case along this line brought to our attention is the case of *Baldwin v. Devlin*, 134 Kan. 844, 8 P. 2d 320, where the collision occurred without injury and the party on his bicycle was caught and "momentarily carried on the front bumper of the Buick, then he fell and was rolled or dragged some distance by defendant's car, and then it ran over him," but there it was held that the party on the bicycle was not guilty of contributory negligence.

In the case of *Jamison v. Atchison, T. & S. F. Rly. Co.*, 122 Kan. 305, 252 Pac. 472, it was held:

"In an action for damages for personal injuries sustained by plaintiff in a railway-crossing accident, where the cause was tried on the theory that plain-

tiff's negligence would bar a recovery against the defendant railway company unless such recovery could be predicated on the doctrine of the last clear chance, the plaintiff's evidence examined, and held to show that his own negligence did not cease at any time prior to the collision of defendant's passenger train and plaintiff's automobile and consequently a judgment fixing exclusive responsibility for the accident upon the railway company on the doctrine of the last clear chance cannot be sustained." (Syl.)

(See, also, *Dearing v. Wichita Rld. & Light Co.*, 130 Kan. 142, 285 Pac. 621; *Lahmeyer v. Massey*, 137 Kan. 566, 21 P. 2d 380; and *Spencer v. Kansas City Public Service Co.*, 137 Kan. 738, 22 P. 2d 425.)

In the case of *Bazzell v. Atchison T. & S. F. Rly. Co.*, 133 Kan. 483, 300 Pac. 1108, it was held:

"The doctrine of the last clear chance considered in connection with the facts and circumstances of the instant case and held to be inapplicable because there is no showing whatever of discontinuance of the contributory negligence of the driver of the automobile, which is an essential in the application of this doctrine. (Syl. ¶ 3.)

The answers of the jury to the special questions are wholly inconsistent with the general verdict and under the rule in such cases (R. S. 60-2918) they should control, and the motion of the defendant for judgment thereon notwithstanding the general verdict should have been sustained.

The judgment is reversed and the cause is remanded with directions to set aside the judgment rendered for the plaintiff and render judgment for the defendant for costs.